Ivan Luis VAZQUEZ, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A02–0506–CR–504.

Court of Appeals of Indiana.

Dec. 30, 2005.

Transfer Denied March 9, 2006.

Bruce W. Graham, Trueblood & Graham P.C., Lafayette, for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Ivan Luis Vazquez appeals his sentence after pleading guilty to Conspiracy to Commit Dealing in Cocaine as a Class A felony. Specifically, Vazquez contends that the trial court erred in sentencing him to the maximum term of fifty years with five years suspended to probation because it found improper aggravators and failed to give sufficient weight to the mitigators. He also contends that his sentence is inappropriate and that the trial court erred in ordering his sentence in this case to run consecutive to his sentence in another case. Finding no error in the trial court's aggravated and consecutive sentences and concluding that Vazquez's sentence is not inappropriate, we affirm the trial court.

### Facts and Procedural History

Between 2001 and 2003, Vazquez agreed with several people to commit dealing in cocaine. To that end, Vazquez obtained cocaine in amounts greater than three grams and then delivered, with another person, that cocaine to others in exchange for money. For his role in these crimes and others, in 2003, the State charged Vazquez with twelve offenses: two counts of Dealing in Cocaine as Class A felonies, three counts of Possession of Cocaine as Class C felonies, Conspiracy to Commit Dealing in Cocaine as a Class A felony, Possession of Methamphetamine as a Class C felony, three counts of Possession of a Schedule IV Controlled Substance as Class D felonies, Maintaining a Common Nuisance as a Class D felony, and Corrupt Business Influence as a Class C felony. In exchange for the dismissal of the remainder of the charges, in 2004, Vazquez pled guilty to Dealing in Cocaine as a Class A felony and Conspiracy to Commit Dealing in Cocaine as a Class A felony. The plea agreement provided that "the Court shall impose whatever sentence it deems appropriate after hearing argument of counsel."[1] Appellant's App. p. 46.

In sentencing Vazquez, the trial court identified the following aggravating circumstances: (1) Vazquez's criminal history; (2) Vazquez committed "numerous offenses over a substantial period of time with numerous transferees with respect to the drugs;" (3) Vazquez "was a dealer, not a user, with respect to cocaine;" (4) Vazquez attempted to intimidate a witness prior to her testimony; and (5) there have been prior attempts at rehabilitation. *Id.* at 7. Although the trial court did not identify any mitigators in its Sentencing Order, *see id.*, the court identified two mitigators at the sentencing hearing. First, the court stated that Vazquez's guilty plea, although "coming relatively late in the game and pretty unwillingly," was entitled to "some"

---

1. The plea agreement also provided that Vazquez consented to judicial fact-finding of aggravators and mitigators; therefore,

Vazquez does not make a *Blakely* challenge on appeal.

mitigating weight. Sent. Tr. p. 83. The court also gave "little weight" to the hardship on Vazquez's six dependents because it found that he had been supporting them by illegal means all along. *Id.* at 82. Finding that the aggravators outweighed any mitigators, the trial court sentenced Vazquez to the maximum term of fifty years on Conspiracy to Commit Dealing in Cocaine as a Class A felony[2] with five years suspended to probation.[3] The trial court ordered this sentence to be served consecutive to Vazquez's sentence in another cause number. Vazquez now appeals his sentence.

### Discussion and Decision

Vazquez raises three issues on appeal. First, he contends that the trial court found improper aggravators and failed to give sufficient weight to the mitigators. Second, he contends that his sentence is inappropriate. Last, he contends that the trial court erred in ordering the sentence in this case to be served consecutive to his sentence in another case. We analyze each issue in turn.

### I. Aggravators and Mitigators

■ First, Vazquez contends that the trial court found improper aggravators and failed to give sufficient weight to the mitigators. In general, sentencing lies within the discretion of the trial court. *Henderson v. State,* 769 N.E.2d 172, 179 (Ind.2002). As such, we review sentencing decisions only for an abuse of discretion, including a trial court's decision to increase the presumptive sentence because of aggravating circumstances. *Id.* "When enhancing a sentence, a trial court must: (1) identify significant aggravating and mitigating cir-

cumstances; (2) state the specific reasons why each circumstance is aggravating or mitigating; and (3) evaluate and balance the mitigating against the aggravating circumstances to determine if the mitigating offset the aggravating circumstances." *Bailey v. State,* 763 N.E.2d 998, 1004 (Ind. 2002). We examine both the written sentencing order and the trial court's comments at the sentencing hearing to determine whether the trial court adequately explained its reasons for the sentence. *Matshazi v. State,* 804 N.E.2d 1232, 1238 (Ind.Ct.App.2004), *trans. denied.* Finally, a sentencing court need not agree with the defendant as to the weight or value to be given to a mitigating factor. *Bacher v. State,* 722 N.E.2d 799, 804 (Ind.2000).

■ Vazquez first argues that the trial court erred in finding his criminal history to be an aggravator because it is not significant. Specifically, he points out that his "criminal record largely consists of alcohol offenses, and other minor violations including a possession of marijuana in December 2002." Appellant's Br. p. 9. The record shows that in 1994, Vazquez was convicted of larceny, failure to appear, and harassment—all misdemeanors. In 1997, he received two convictions for operating while intoxicated as Class A misdemeanors, and he received convictions for resisting law enforcement as Class A misdemeanors in 1998 and 1999. In 2002, Vazquez was convicted of operating while suspended as a Class A misdemeanor. And at the time the charges were filed in the case at hand, Vazquez had a possession of marijuana charge pending.[4]

---

2. Ind.Code §§ 35–48–4–1 & 35–41–5–2.

3. The court "decline[d] to enter judgment of conviction on ... Dealing In Cocaine, a Class A felony" because of double jeopardy concerns. Appellant's App. p. 7.

4. The record also shows that Vazquez has two convictions for operating while intoxicated with a prior conviction as Class D felonies; however, it appears that Vazquez committed these crimes after the present crime was committed but before his arrest. To that end, the trial court stated:

[7] "The significance of a criminal history 'varies based on the gravity, nature and number of prior offenses as they relate to the current offense.'" *Morgan v. State*, 829 N.E.2d 12, 15 (Ind.2005) (quoting *Wooley v. State*, 716 N.E.2d 919, 929 n. 4 (Ind.1999), *reh'g denied*). Our Supreme Court observed in *Wooley* that "a criminal history comprised of a prior conviction for operating a vehicle while intoxicated may rise to the level of a significant aggravator at a sentencing hearing for a subsequent alcohol-related offense. However, this criminal history does not command the same significance at a sentencing hearing for murder." 716 N.E.2d at 929 n. 4. Here, Vazquez has several convictions and a pending charge that relate to the abuse of alcohol and drugs. In the words of the trial court, Vazquez has "an uninterrupted criminal record, repeated substance offenses and repeated law enforcement offenses." Sent. Tr. p. 81. The trial court did not err in finding Vazquez's criminal history to be an aggravator.[5]

■ Vazquez next argues that the trial court erred in finding as an aggravator that he committed "numerous offenses over a substantial period of time with numerous transferees." Appellant's App. p. 7. Specifically, Vazquez asserts that because the charging information for conspiracy to commit dealing in cocaine alleged that he delivered cocaine "on multiple occasions during 2001–2003," *see id.* at 39, the fact that he committed numerous offenses constitutes a material element of the offense and cannot be considered as an aggravator. *See Waldon v. State*, 829

N.E.2d 168, 184 (Ind.Ct.App.2005) ("The law is clear that a material element of a crime may not be used as an aggravating factor."), *reh'g denied, trans. denied*. We disagree. Although the charging information alleged that Vazquez delivered cocaine in exchange for money on "multiple" occasions, the information did not delineate those specific occasions, and the trial court stated at the sentencing hearing that the evidence showed that he delivered cocaine "*over* twenty different" times. Sent. Tr. p. 81 (emphasis added). Because multiple can mean as few as two or three, the trial court properly found that the fact that Vazquez delivered cocaine over twenty different times is aggravating. *See Smith v. State*, 839 N.E.2d 780, 788 (Ind.Ct.App. 2005) (holding that although the stalking statute, by definition, involves "repeated" conduct, the defendant did more than the minimum necessary to invoke the statute, thereby warranting an enhanced sentence).

■ Vazquez also argues that the trial court erred by finding the fact that he "was a dealer, not a user, with respect to cocaine" as an aggravator. Appellant's App. p. 7. Simply put, Vazquez asserts that the court "cannot aggravate a conviction for dealing cocaine because [he] is a dealer. This element is implicit in the charge." Appellant's Br. p. 10. We agree. The charging information for conspiracy to commit dealing in cocaine alleged that over a two-year period, Vazquez conspired with others to deal cocaine in amounts over three grams and that as an overt act of

[W]ell, I guess it's really not fair to charge him with the charges which occurred while he was-after this crime was committed but before he was arrested, because he didn't know that he was subject to the power of the court at that time. It's just further evidence of the uninterrupted criminal character.

Sent. Tr. p. 82.

5. In light of this conclusion, we do not address Vazquez's argument that the trial court erred in failing to find his criminal history as a mitigator.

this agreement, Vazquez, with another person, delivered cocaine in exchange for money multiple times. Implicit in this charge is that Vazquez is, indeed, a drug dealer. Although the significant number of times Vazquez delivered cocaine in exchange for money was properly considered an aggravator, the mere fact that he is a drug dealer cannot be. Accordingly, the trial court abused its discretion in finding this to be an aggravator.

Last, Vazquez argues that the trial court failed to give proper weight to the mitigators of undue hardship on his dependents and his plea of guilty. An allegation that the trial court failed to find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Ware v. State*, 816 N.E.2d 1167, 1177 (Ind.Ct.App.2004). As for the undue hardship on Vazquez's six dependents, the trial court noted that it "g[a]ve little weight to the need to feed his children because he's been feeding them by illegal activities all along . . . ." Sent. Tr. p. 82. In addition, jail is always a hardship on dependents, and Vazquez fails to explain how his fifty-year sentence is more of a hardship on his children than would be the presumptive thirty-year sentence or the minimum twenty-year sentence. *See Teeters v. State*, 817 N.E.2d 275, 280 (Ind. Ct.App.2004), *trans. denied.* The trial court did not abuse its discretion in failing to accord more weight to the hardship on Vazquez's dependents.

Regarding Vazquez's guilty plea, we note that "[a] guilty plea demon-

strates a defendant's acceptance of responsibility for the crime and extends a benefit to the State and to the victim or the victim's family by avoiding a full-blown trial." *Francis v. State*, 817 N.E.2d 235, 237–38 (Ind.2004). "[A] defendant who willingly enters a plea of guilty has extended a substantial benefit to the [S]tate and deserves to have a substantial benefit extended to him in return." *Id.* at 237 (quoting *Scheckel v. State*, 655 N.E.2d 506, 511 (Ind.1995)). In this case, Vazquez did receive a substantial benefit in exchange for his guilty plea. Specifically, the State dismissed ten charges against him, all of which were felonies. In addition, the trial court suspended five years of Vazquez's sentence "in consideration of [his] plea of guilty." Sent. Tr. p. 84. The trial court did not abuse its discretion in failing to give Vazquez's guilty plea more weight.[6]

In the end, although the trial court improperly found one aggravator, there are four remaining aggravators, two of which Vazquez does not even challenge on appeal. As for the first unchallenged aggravator—that Vazquez intimidated one of the witnesses prior to her testimony—the trial court found that to be the "most significant" aggravator. Sent. Tr. p. 81. In fact, the record shows that Vazquez has a pending charge regarding that intimidation. The second aggravator that Vazquez does not challenge is that there have been prior attempts at rehabilitation. In regards to this, the trial court noted that Vazquez has "had numerous chances to have substance abuse counseling and has failed to deal with that or worse, has cured his own problem but has gone out and pandered others and being an active attempt to sell

---

**6.** To the extent that Vazquez argues that the trial court failed to find his offer to cooperate with the Tippecanoe County Drug Task Force, his record of employment, and his test score that put him in the low to moderate risk category to reoffend, we note that Vazquez has failed to prove that these mitigators are significant.

drugs to others." *Id.* at 82–83. In addition, there are two mitigators, neither of which are in the significant range. Accordingly, the trial court did not abuse its discretion in sentencing Vazquez to the maximum term of fifty years with five years suspended to probation.

## II. Appropriateness of Sentence

Vazquez next contends that his sentence is inappropriate. Indiana Rule of Appellate Procedure 7(B) states: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Purvis v. State*, 829 N.E.2d 572, 587 (Ind.Ct.App.2005) (internal citations omitted), *trans. denied.*

As to the nature of the crime, the record shows that Vazquez was involved in a large-scale drug operation in Tippecanoe County that spanned two years and involved *at least* twenty transactions and several people. Vazquez's character is that of a serial criminal whose frequent contacts with the criminal justice system have not caused him to reform himself. Indeed, the seriousness of Vazquez's offenses have escalated since his first offense in 1994. In addition, it appears that

Vazquez has been supporting his six children at least in part from the proceeds of drug sales. Vazquez's sentence is not inappropriate in light of the nature of his crime and his character.

## III. Consecutive Sentences

Last, Vazquez contends that the trial court erred in ordering his sentence in the instant case to be served consecutive to his sentence in Cause No. 79D06–0206–FD–277, which included prison time followed by home detention and probation.[7] From what we can discern, Vazquez is arguing that he will not be able to serve his home detention and probation in Cause No. 277 because, according to him, the Department of Correction will not release him at the end of the executed portion of that sentence. Therefore, Vazquez asserts that "the balance of the house arrest sentence must be served first in prison before commencement of the instant sentence," which amounts to "a modification of the sentence in [Cause No.] 277." Appellant's Br. p. 17.

In short, Vazquez does not explain why his entire sentence in Cause No. 277, including home detention and probation, has to be completed before he can start the executed portion of his sentence in the present case. Notably, the trial court did not order Vazquez's two sentences to be served in any particular order; it ordered only that they be served consecutive to one another. Vazquez does not point to any reason why he cannot serve the executed portions of both of his sentences consecutively followed by home detention and probation in Cause No. 277 and probation in

7. In Cause No. 277, the trial court sentenced Vazquez to three years for operating while intoxicated with a prior conviction as a Class D felony. The trial court then ordered that sentence to be served consecutively to Vazquez's three-year sentence in Cause No. 79D06–0206–FD–157, in which Vazquez was also convicted of operating while intoxicated with a prior conviction as a Class D felony. In Cause No. 277, the trial court ordered that of the six-year aggregate sentence, eighteen months would be executed, with three years on home detention and eighteen months on probation.

the instant case.[8] The trial court did not err in ordering consecutive sentences.

Affirmed.

ROBB, J., and MATHIAS, J., concur.

8. We note that in the end, this may not matter because the record shows that Vazquez has petitions to revoke his probation in Cause Nos. 277 and 157 currently pending.