Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 19 2013, 5:43 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**IVAN LUIS VAZQUEZ**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IVAN LUIS VAZQUEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1207-PC-545 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE CIRCUIT COURT
The Honorable Donald L. Daniel, Judge
Cause No. 79C01-0607-PC-1

**September 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Ivan Luis Vazquez, *pro se*, appeals the post-conviction court's denial of his petition for post-conviction relief. Vazquez raises four issues, which we revise and restate as whether the court erred in denying Vazquez's petition for post-conviction relief. We affirm.

FACTS AND PROCEDURAL HISTORY

On August 15, 2003, the State charged Vazquez with Count I, dealing in cocaine as a class A felony; Count II, possession of cocaine as a class C felony; Count III, dealing in cocaine as a class A felony; Count IV, possession of cocaine as a class C felony; Count V, conspiracy to commit dealing in cocaine as a class A felony; Count VI, possession of cocaine as a class C felony; Count VII, possession of methamphetamine as a class C felony; Count VIII, possession of a schedule IV controlled substance as a class D felony; Count IX, possession of a schedule IV controlled substance as a class D felony; Count X, possession of a schedule IV controlled substance as a class D felony; and Count XI, maintaining a common nuisance as a class D felony. On October 23, 2003, the State charged Vazquez with Count XII, corrupt business influence as a class C felony. That same day, the State also filed an amended information for Count V, conspiracy to commit dealing in cocaine.

In September 2004, Vazquez pled guilty to Count I, dealing in cocaine as a class A felony, and Count V, conspiracy to commit dealing in cocaine as a class A felony. Under the plea agreement, Vazquez consented to judicial fact-finding of aggravators and mitigators. On September 22, 2004, the court held a guilty plea hearing at which the court informed Vazquez of his rights. The following exchange occurred:

2

> BY THE COURT: Do you understand that the Court may order that the sentences for the crimes charged in this case be served one at a time, what the law calls consecutively, so that the time you spend in prison for the sentence for – for instance, I believe it's Count Five, could be consecutive to the sentence imposed in Count One. Do you understand that?
>
> BY MR. VAZQUEZ: Yes.

Guilty Plea Transcript at 12.

On April 11, 2005, the court held a sentencing hearing and accepted Vazquez's plea. At the hearing, Tiffany Hurst, Vazquez's ex-girlfriend, testified that she did not want to be at the sentencing hearing and that Vazquez had threatened her. The court found the following aggravating factors: (1) Vazquez's criminal history; (2) "numerous offenses over a substantial period of time with numerous transferees with respect to the drugs;" (3) that Vazquez "was a dealer, not a user, with respect to cocaine;" (4) that Vazquez "attempted to intimidate a witness prior to testimony;" and (5) that "[t]here have been attempts at rehabilitation." Appellant's Direct Appeal Appendix at 7. Although the court did not identify any mitigators in its sentencing order, at the sentencing hearing the court stated that Vazquez's guilty plea was entitled to some weight and also gave "little weight" to the hardship on Vazquez's six dependents because it found that he had been supporting them by illegal means. Sentencing Transcript at 83. The court found that the aggravators outweighed any mitigators.

At the end of the sentencing hearing, Vazquez's trial counsel argued that the conviction for Count I should be merged and vacated. Specifically, the following exchange occurred:

> BY THE COURT: . . . I did not enter – impose sentence on Count One because I find it to be covered by terms of double-jeopardy by the same – by the terms of –

3

[Vazquez's Counsel]: – I think the language on that is it merges and you vacate it.

BY THE COURT: Now, merger is no longer the term that they use.

[Vazquez's Counsel]: Oh.

BY THE COURT: Go figure.

[Vazquez's Counsel]: Okay.

BY THE COURT: It's – it's certainly not dismissed. It's hanging out here in case there's something wrong with the conviction on Count V, it's still a viable count as to which sentence can be imposed, but I just find that based upon the *Morgan* case that I'm not permitted to impose the two. There would have to be, I think, something that makes it clear that the charges are separate and that – so that there's no question to the, you know, appellate reader that he's convicted of A and of B rather than A as part of B.

Id. at 86-87. In April 2005, the court sentenced Vazquez to fifty years with five years suspended for Count V, conspiracy to commit dealing in cocaine as a class A felony, and ordered that the sentence be served consecutive to his sentence under cause number 79D06-0210-FD-277.

On direct appeal, Vazquez argued that the trial court erred in sentencing him to the maximum term of fifty years with five years suspended to probation because it improperly found the aggravators of his criminal history, that he had committed "numerous offenses over a substantial period of time with numerous transferees," and that he "was a dealer, not a user, with respect to cocaine." Vazquez v. State, 839 N.E.2d 1229, 1231-1233 (Ind. Ct. App. 2005), trans. denied. Vazquez also argued that his sentence was inappropriate and that the trial court erred in ordering his sentence to run consecutive to his sentence in another case. Id. at 1231. This court found that the trial

court abused its discretion by finding that Vazquez "was a dealer, not a user, with respect to cocaine" as an aggravator, but ultimately concluded that the trial court did not abuse its discretion in sentencing Vazquez given the remaining aggravators and affirmed his sentence. Id. at 1234-1235.

In 2008, Vazquez filed a petition for post-conviction relief. In 2011, Vazquez filed an amended petition for post-conviction relief and alleged that his trial counsel misinformed him that he could be convicted and sentenced for both dealing in cocaine and conspiracy to commit dealing in cocaine, that his plea agreement was void in part because the trial court withheld judgment on Count I, dealing in cocaine, and that his trial counsel and appellate counsel were ineffective.

On January 13, 2012, the post-conviction court held a hearing. Vazquez testified that his trial counsel told him that he could be convicted and sentenced for both dealing in cocaine and conspiracy to commit dealing in cocaine. Vazquez also stated: "[I]f I would have known and had information about the law and it's [sic] rules that applied in this case in my case and the proceedings I am sure that I wouldn't have taken the plea agreement and I would have request[ed] a jury because I would have got a better result." Post-Conviction Transcript at 49. Vazquez's trial counsel and appellate counsel also testified. On June 14, 2012, the post-conviction court denied Vazquez's petition.

## DISCUSSION

Before discussing Vazquez's allegations of error, we note that although Vazquez is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), trans. denied. We also note the general standard under which we review a

5

post-conviction court's denial of a petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004); Ind. Post-Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Fisher, 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id. Further, the post-conviction court in this case entered findings of fact and conclusions thereon in accordance with Indiana Post-Conviction Rule 1(6). Id. "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." Id. In this review, we accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. Id. The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. Id.

To the extent that Vazquez fails to put forth a cogent argument, cite to authority, or cite to the record, we conclude that such arguments are waived. See, e.g., Cooper v. State, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (holding that the defendant's contention was waived because it was "supported neither by cogent argument nor citation to authority"); Shane v. State, 716 N.E.2d 391, 398 n.3 (Ind. 1999) (holding that the defendant waived argument on appeal by failing to develop a cogent argument); Smith v. State, 822 N.E.2d 193, 202-203 (Ind. Ct. App. 2005) ("Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), trans. denied.

To the extent that Vazquez raises freestanding claims of error, these claims fail. See Reed v. State, 866 N.E.2d 767, 768 (Ind. 2007) (holding that the propriety of a defendant's sentence is not properly questioned through collateral proceedings and that only issues not known at the time of the original trial or issues not available on direct appeal may be properly raised through post-conviction proceedings); Sanders v. State, 765 N.E.2d 591, 592 (Ind. 2002) (holding that in "post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal" and that it is wrong to review the petitioner's fundamental error claim in a post-conviction proceeding); Lambert v. State, 743 N.E.2d 719, 726 (Ind. 2001) (holding that post-conviction procedures do not provide a petitioner with a "super-appeal" or opportunity to consider freestanding claims that the original trial court committed error and that such claims are available only on direct appeal), reh'g denied, cert. denied, 534 U.S. 1136, 122 S. Ct. 1082 (2002).

We will address Vazquez's arguments to the extent that he raises issues within the context of ineffective assistance. Generally, to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. Ben-Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), reh'g denied), reh'g denied, cert. denied, 534 U.S. 830, 122 S. Ct. 73 (2001). We apply the same standard of review to claims of ineffective assistance of appellate counsel as we apply to claims of ineffective assistance of trial counsel. Williams v. State, 724 N.E.2d 1070, 1078 (Ind. 2000), reh'g denied,

cert. denied, 531 U.S. 1128, 121 S. Ct. 886 (2001). A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. French v. State, 778 N.E.2d 816, 824 (Ind. 2002). To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Perez v. State, 748 N.E.2d 853, 854 (Ind. 2001). "[L]ogic dictates that 'a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'" Hilliard v. State, 609 N.E.2d 1167, 1169-1170 (Ind. Ct. App. 1993) (quoting Strickland, 466 U.S. at 696, 104 S. Ct. at 2069)). Failure to satisfy either prong will cause the claim to fail. French, 778 N.E.2d at 824. Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. Id.

When considering a claim of ineffective assistance of counsel, a "strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Morgan v. State, 755 N.E.2d 1070, 1072 (Ind. 2001). "[C]ounsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption." Williams v. State, 771 N.E.2d 70, 73 (Ind. 2002). Evidence of isolated poor strategy, inexperience, or bad tactics will not support a claim of ineffective assistance of counsel. Clark v. State, 668 N.E.2d 1206, 1211 (Ind. 1996), reh'g denied, cert. denied, 520 U.S. 1171, 117 S. Ct. 1438 (1997). "Reasonable strategy is not subject to judicial second guesses." Burr v. State, 492 N.E.2d 306, 309 (Ind. 1986). We "will not lightly speculate

8

as to what may or may not have been an advantageous trial strategy as counsel should be given deference in choosing a trial strategy which, at the time and under the circumstances, seems best." Whitener v. State, 696 N.E.2d 40, 42 (Ind. 1998).

Because Vazquez was convicted pursuant to a guilty plea, we must analyze his claims under Segura v. State, 749 N.E.2d 496 (Ind. 2001). See Smith v. State, 770 N.E.2d 290, 295 (Ind. 2002) ("To the extent that [the petitioner's] claims for post-conviction relief are grounded in his contention that he did not receive the minimum level of effective assistance from his trial counsel that the Constitution requires, we analyze such claims according to Segura v. State, 749 N.E.2d 496 (Ind. 2001)."). Segura categorizes two main types of ineffective assistance of counsel cases. The first category relates to "an unutilized defense or failure to mitigate a penalty." Willoughby v. State, 792 N.E.2d 560, 563 (Ind. Ct. App. 2003), trans. denied. With respect to this category, the Court held that "in order to establish that the guilty plea would not have been entered if counsel had performed adequately, the petitioner must show that a defense was overlooked or impaired and that the defense would likely have changed the outcome of the proceeding." Segura, 749 N.E.2d at 499. The Court also held that "in the case of claims related to a defense or failure to mitigate a penalty, it must be shown that there is a reasonable probability that a more favorable result would have obtained in a competently run trial." Id. at 507. If a petitioner is convicted pursuant to a guilty plea and later claims that his counsel rendered ineffective assistance because counsel overlooked or impaired a defense, the petitioner "*must show that a defense was indeed overlooked or impaired* and that the defense would have likely changed the outcome of the proceeding." Maloney v. State, 872 N.E.2d 647, 650 (Ind. Ct. App. 2007) (emphasis added).

9

The second category relates to "an improper advisement of penal consequences," and this category has two subcategories: (1) "claims of intimidation by exaggerated penalty or enticement by an understated maximum exposure;" or (2) "claims of incorrect advice as to the law." Id. With respect to this category, the Court in Segura concluded:

> [I]n order to state a claim for postconviction relief a petitioner may not simply allege that a plea would not have been entered. Nor is the petitioner's conclusory testimony to that effect sufficient to prove prejudice. To state a claim of prejudice from counsel's omission or misdescription of penal consequences that attaches to both a plea and a conviction at trial, the petitioner must allege, in Hill's terms, "special circumstances,"[1] or, as others have put it, "objective facts"[2] supporting the conclusion that the decision to plead was driven by the erroneous advice.

> We believe a showing of prejudice from incorrect advice as to the penal consequences is to be judged by an objective standard, i.e., there must be a showing of facts that support a reasonable probability that the hypothetical reasonable defendant would have elected to go to trial if properly advised. Nevertheless, . . . a petitioner may be entitled to relief if there is an objectively credible factual and legal basis from which it may be concluded that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill[ v. Lockhart, 474 U.S. 52,] 59, 106 S. Ct. 366 [(1985)].

> \* \* \* \* \*

> [F]or claims relating to penal consequences, a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead. Merely alleging that the petitioner would not have pleaded is insufficient. Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea.

Segura, 749 N.E.2d at 507.

---

[1] Hill [v. Lockhart, 474 U.S. 52, 60, 106 S. Ct. 366 (1985)].

[2] McCleese v. United States, 75 F.3d 1174, 1179 (7th Cir. 1996); State v. Donald, 198 Ariz. 406, 10 P.3d 1193, 1201 (Ct. App. 2000)[, review denied, cert. denied, 534 U.S. 825, 122 S. Ct. 63 (2001)].

10

A.     Trial Counsel

Vazquez argues that his trial counsel was ineffective for: (1) failing to object when the trial court "acted contrary to Ind. Code § 35-38-1-1(a);" (2) improperly advising Vazquez regarding a possible sentence; (3) informing him that he should accept the guilty plea under the circumstances; (4) failing to object to or move to dismiss certain counts; and (5) failing to advise Vazquez that a forfeiture of his property by the United States government was punishment and that his plea agreement resulted in punishment for the same offense.

1.     Ind. Code § 35-38-1-1

Vazquez argues that the court contravened Ind. Code § 35-38-1-1(a) which provides: "Except as provided in section 1.5 of this chapter, after a verdict, finding, or plea of guilty, if a new trial is not granted, the court shall enter a judgment of conviction." Vazquez contends that the trial court "withheld imposing any sentence upon the stated Dealing charge, because of double jeopardy concerns, and by doing so, essentially suspended a proverbial guillotina [sic] over Vazquez indefinitely metaphorically speaking." Appellant's Brief at 11. Vazquez also argues that his "attorney failed to object, living [sic] him subjected to future punishment." Id. at 13. The State argues that the trial court entered a judgment of conviction on only Count V, conspiracy to commit dealing in cocaine.

At the end of the sentencing hearing, Vazquez's trial counsel argued that the conviction for Count I should be merged and vacated. Specifically, trial counsel stated: "I think the language on that is it merges and you vacate it." Sentencing Transcript at 86-87. The record reveals that Vazquez was not sentenced on Count I, and the sentencing

11

order specifically states: "The Court declines to enter judgment of conviction on Count I, Dealing in Cocaine, a Class A felony." Appellant's Direct Appeal Appendix at 7. Under the circumstances, we cannot say that the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court or that Vazquez has demonstrated that he received ineffective assistance of trial counsel.[3]

2. Advice Regarding Sentence and Double Jeopardy

Vazquez argues that his guilty plea was entered unknowingly, unintelligently, and involuntarily and that his trial counsel was ineffective in providing advice regarding the sentence. Without citation to the record, Vazquez claims that his trial counsel "incorrectly advised [him] that he was facing a great deal more than 150 years if he went to trial on all the charges but if he entered into the plea agreement he would only be facing a 100 years and that he might only get 20 years." Appellant's Brief at 18-19. Vazquez argues that he was "incorrectly informed by counsel and mislead by the trial court that he could be convicted and sentenced for both dealing in cocaine and conspiracy to commit dealing in cocaine." Id. at 14. Vazquez appears to argue that his trial counsel should have informed him that Count V, conspiracy to commit dealing in cocaine as a class A felony, would have been dismissed because it had the same overt acts alleged as in Count I, dealing in cocaine as a class A felony. Vazquez also contends that his trial counsel "should have properly advised [him] and sought dismissal of the conspiracy charge, based on the fact the same overt acts alleged in furtherance[] of the agreement

---

[3] We observe that this court has previously held that a withheld judgment is not appealable because it is neither a final judgment nor an interlocutory order, that the only available remedy is a writ of mandamus, and that the Indiana Supreme Court "has exclusive, original jurisdiction over actions for writs of mandamus against inferior state courts based on the alleged failure of the respondent court to act when it was under a duty to act, in this case to compel the trial court to comply with Indiana Code § 35-38-1-1(a)." Chissell v. State, 705 N.E.2d 501, 506 (Ind. Ct. App. 1999), trans. denied.

were elements necessary to convict Vazquez of the dealing in cocaine charge." Id. at 20. Vazquez argues that his trial counsel failed to inform him that at worst he would be facing the penalty of "either a class A dealing or a class A conspiracy to deal, as opposed to facing the 'voidable' charges of class A dealing, and class A conspiracy as sequential succession of 'box-cars,'" and that he would not have pled guilty if properly informed. Id. at 13. Vazquez contends that had he known that his sentences "could not [be] ordered consecutive, and that the maximum legal sentence he was facing was fifty (50) years, [he] never would have pled guilty pursuant to an agreement that allowed the trial court to sentence [him] up to a hundred (100) years." Id. at 16.

The State argues that there was no double jeopardy violation because the overt act alleged in the conspiracy charge was that Vazquez delivered cocaine to other persons including Christopher Pracht and Informant 03-25 in addition to only Informant 01-30 which was alleged in the dealing charge. The State contends that the trial court initially properly advised Vazquez that he could be convicted and sentenced to consecutive terms for dealing in cocaine and conspiracy to commit dealing in cocaine.

In Segura, the Indiana Supreme Court held:

> Whether viewed as ineffective assistance of counsel or an involuntary plea, the postconviction court must resolve the factual issue of the materiality of the bad advice in the decision to plead, and postconviction relief may be granted if the plea can be shown to have been influenced by counsel's error. However, if the postconviction court finds that the petitioner would have pleaded guilty even if competently advised as to the penal consequences, the error in advice is immaterial to the decision to plead and there is no prejudice.

749 N.E.2d at 504-505. Thus, it is immaterial whether Vazquez's claim is of an involuntary plea or ineffective assistance of counsel. See Willoughby, 792 N.E.2d at 563

13

(citing Segura and holding that it was immaterial whether the petitioner's claim was characterized as an involuntary plea or ineffective assistance of counsel because, under either standard, the petitioner must demonstrate that the intimidation resulting from his trial counsel's failure to inform him of the single larceny rule was material to his decision to plead guilty), trans. denied.

Initially, we observe that trial counsel testified at the post-conviction hearing: "It was my belief and I think that I advised you that your maximum under that would have been the maximum for 1 A felony and I think that you were sentenced within the maximum of 1 A felony." Post-Conviction Transcript at 10. Trial counsel later testified:

> I think what I advised you I don't know whether I used the term double jeopardy and I think it is under principles of double jeopardy and again I would like to see that sentencing order to refresh my recollection but I believe what I advised you was that they would not be able to run those consecutive and I think that I made that argument at your sentencing and I think they didn't run those consecutive.

> * * * * *

> I think what I advised you was that they couldn't – well basically the sentence range that we're looking at was a class A felony range. That they couldn't stack those up on you. I don't – I doubt that I would have said to you under principles of double jeopardy that's the case. I would have just said look doesn't really matter because they can't stack them up they got to merge at sentencing. In effect I was advising you about double jeopardy but I don't know that I used that term.

Id. at 13-14. Based upon trial counsel's testimony, trial counsel gave Vazquez the exact advice that Vazquez claims his trial counsel was ineffective for failing to provide.

We cannot say that the trial court's statements at the beginning of the guilty plea hearing implying that the court could enter two convictions and order consecutive sentences were erroneous or that trial counsel's failure to object resulted in ineffective

14

assistance. Vazquez cites <u>Derado v. State</u>, 622 N.E.2d 181 (Ind. 1993), in support of his argument that a conviction and sentence for both dealing in cocaine and conspiracy to commit dealing in cocaine were not permissible. The Court in <u>Derado</u> ultimately concluded that the defendant's convictions for dealing in cocaine and conspiracy to deal in cocaine violated double jeopardy after examining the charging information and jury instructions. 622 N.E.2d at 184. The Court stated that its decision did not "necessarily affect the body of case law from this Court which makes it clear that a defendant may be convicted of both conspiracy to commit a felony and commission of the underlying felony." <u>Id.</u> The Court also held that "the holding of this case is limited to those instances where the charging document and the jury instructions rely on the same facts to prove both accomplice liability for the commission of the underlying crime as well as the overt act committed in furtherance of the conspiracy." <u>Id.</u> The Indiana Supreme Court later indicated that any argument under the Federal Constitution along these lines was eliminated by the decision in <u>Games v. State</u>, 684 N.E.2d 466 (Ind. 1997), <u>reh'g granted on other grounds</u>, 690 N.E.2d 211 (1997), <u>cert. denied</u>, 525 U.S. 838, 119 S. Ct. 98 (1998). <u>See Grinstead v. State</u>, 684 N.E.2d 482, 485-486 (Ind. 1997). In <u>Grinstead</u>, the Court held that the rule of <u>Derado</u> was no longer an accurate statement of federal double jeopardy law. 684 N.E.2d at 486. "To the contrary, review of multiple punishments under the Double Jeopardy Clause of the Federal Constitution requires that we look only to the relevant statutes in applying <u>Blockburger[ v. United States</u>, 284 U.S. 299, 52 S. Ct. 180 (1932)], and no further. The factual elements in the charging instrument and jury instructions are not part of this inquiry." <u>Id.</u> Under the federal analysis, Vazquez's claim fails. To the extent that Vazquez appears to argue that his trial counsel was ineffective

15

for failing to object or request dismissal under Indiana's Double Jeopardy Clause, we will address Vazquez's argument.

The Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." IND. CONST. Art. 1, § 14. The Indiana Supreme Court has held that "two or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." Richardson v. State, 717 N.E.2d 32, 49 (Ind. 1999).

Under the actual evidence test, the evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts. Lee v. State, 892 N .E.2d 1231, 1234 (Ind. 2008). To show that two challenged offenses constitute the "same offense" in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. Id. The Indiana Supreme Court has determined the possibility to be remote and speculative and therefore not reasonable when finding no sufficiently substantial likelihood that the jury used the same evidentiary facts to establish the essential elements of two offenses. Hopkins v. State, 759 N.E.2d 633, 640 (Ind. 2001) (citing Long v. State, 743 N.E.2d 253, 261 (Ind. 2001), reh'g denied; Redman v. State, 743 N.E.2d 263, 268 (Ind. 2001)); see also Griffin v. State, 717 N.E.2d 73, 89 (Ind. 1999), cert. denied, 530 U.S. 1247, 120 S. Ct. 2697 (2000).

16

"A defendant may be convicted of both conspiracy to commit a felony and commission of the underlying felony." Johnson v. State, 749 N.E.2d 1103, 1108 (Ind. 2001). However, "[a] double jeopardy violation occurs where the same evidence used to prove the overt act committed in furtherance of the conspiracy also proves the commission of the underlying crime." Id. The Indiana Supreme Court has found "double jeopardy violations when the facts supporting a first crime are offered in the charges or jury instructions as the only 'overt act' to prove a second conspiracy charge, even if other facts proving a conspiracy were presented at trial." Lee, 892 N.E.2d at 1235 (citing Lundberg v. State, 728 N.E.2d 852, 855 (Ind. 2000); Guffey v. State, 717 N.E.2d 103, 107 (Ind. 1999)). "On the other hand, [the Indiana Supreme Court has] not found a double jeopardy violation when the fact supporting a first charge could theoretically have served as the overt act of a conspiracy charge, but the jury was instructed on additional facts supporting an overt act." Id. at 1235-1236. "In determining the facts used by the fact-finder to establish the elements of each offense, it is appropriate to consider the charging information, jury instructions, and arguments of counsel." Id. at 1234.

Count I, dealing in cocaine as a class A felony, alleged that "[o]n or about the 4th day of February, 2002, in Tippecanoe County, State of Indiana, [Vazquez] did knowingly or intentionally deliver cocaine, pure or adulterated, to Confidential Informant 01-30, in an amount of three (3) grams or more." Appellant's Direct Appeal Appendix at 21. Count V, conspiracy to commit dealing in cocaine as a class A felony, alleged that Vazquez and/or Tiffany Hurst would deliver quantities of cocaine to Confidential Informant 01-30 in addition to other persons. Specifically, Count V alleged that "[Vazquez] and/or Tiffany J. Hurst would deliver cocaine, including amounts of greater

17

than three (3) grams, to other persons, including Christopher M. Pracht, Confidential Informant 01-30, Confidential Informant 03-25, and other persons . . . ." Id. at 39. Further, Count V also alleged a number of other overt acts. Specifically, Count V as amended alleged:

> During 2001-2003, in Tippecanoe County, State of Indiana, [Vazquez], Tiffany J. Hurst, Christopher M. Pracht, Rodney A. Winebrenner, Confidential Informant 03-25 and unknown others, with the intent to commit Dealing in Cocaine in amounts greater than three (3) grams, did agree with each other to commit Dealing in Cocaine in amounts greater than three (3) grams, and *one or more of the following overt acts were performed in furtherance of said agreement*, to wit: During 2001-2003, [Vazquez] would obtain cocaine in amounts greater than three (3) grams from an unknown source(s); on multiple occasions during 2001-2003, [Vazquez] and/or Tiffany J. Hurst would deliver cocaine, including amounts of greater than three (3) grams, to other persons, including Christopher M. Pracht, Confidential Informant 01-30, Confidential Informant 03-25, and other persons; Vazquez and/or Hurst would accept payment for the cocaine which they had delivered to said other persons; on or about 2001-2002, Pracht would possess cocaine, including amounts greater than three (3) grams, with intent to deliver said cocaine to other persons; On multiple occasions, during 2001-2002, Pracht would deliver cocaine, including amounts greater than three (3) grams, to other persons including Winebrenner, CI 02-12, CI 03-25, and others; on multiple occasions during 2002, Winebrenner possessed cocaine, including amounts greater than three (3) grams, with intent to deliver cocaine to other persons; on multiple occasions during 2002, Winebrenner obtained cocaine, including amounts of three (3) grams or greater, from Vazquez and/or Pracht, and delivered cocaine to other persons, including Tonya Dorrett, James Foley, and others; on multiple occasions during 2002-2003, Confidential Informant 03-25 obtained cocaine, including amounts greater than three (3) grams or more, from Vazquez, Hurst, and/or Pracht, and possessed said cocaine with intent to deliver.

Id. at 39-40.

While convictions and sentences under both Counts I and V may have violated double jeopardy under certain circumstances such as if a jury had been instructed and the parties' arguments relied upon only Vazquez's delivery of cocaine to Confidential

18

Informant 01-30 to support the conspiracy charge, under the circumstances in this case, we cannot say that Vazquez has demonstrated that Indiana's Double Jeopardy Clause precluded convictions and sentences on both at the time that the trial court informed Vazquez that he could be sentenced on both convictions. Given that we presume that the trial court is aware of and knows the law, see Conley v. State, 972 N.E.2d 864, 873 (Ind. 2012), reh'g denied, that the charging information related to the conspiracy charge listed multiple overt acts that differed from the act listed in the dealing charge, we cannot say Indiana's Double Jeopardy Clause prevented the trial court from entering convictions and sentences on both counts.[4] Accordingly, we cannot say that trial counsel was ineffective for failing to object on double jeopardy grounds to the trial court's explanation at the beginning of the guilty plea hearing.[5]

---

[4] In addition to the instances covered by Richardson, Indiana courts "have long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in Richardson." Guyton v. State, 771 N.E.2d 1141, 1143 (Ind. 2002) (quoting Pierce v. State, 761 N.E.2d 826, 830 (Ind. 2002) (Sullivan, J., concurring)). As enumerated in Justice Sullivan's concurrence in Richardson and endorsed by the Indiana Supreme Court in Guyton, five additional categories of double jeopardy exist: (1) conviction and punishment for a crime which is a lesser-included offense of another crime for which the defendant has been convicted and punished; (2) conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished; (3) conviction and punishment for a crime which consists of the very same act as an element of another crime for which the defendant has been convicted and punished; (4) conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished; and (5) conviction and punishment for the crime of conspiracy where the overt act that constitutes an element of the conspiracy charge is the very same act as another crime for which the defendant has been convicted and punished. See Guyton, 771 N.E.2d at 1143; Richardson, 717 N.E.2d at 55-56 (Sullivan, J., concurring). Vazquez does not develop an argument under these categories.

[5] We acknowledge that the trial court stated the following at sentencing:

Addressing first the question of how to deal with these two charges. I'm looking at the case of *Morgan versus State* and in that case the Indiana Supreme Court ruled that double-jeopardy prevented imposition of sentence on both the dealing and the conspiracy charge. It did allow a conviction on the possession charge, but the way that this crime is charged, they're not charged as two separate items but Count One appears to [be] part of the same conspiracy that's charged in Count Five. So I do not believe that I can impose consecutive sentences or even sentences on both of those charges.

19

### 3. Trial Counsel's Advice Regarding Plea Agreement

Vazquez appears to argue that his trial counsel was ineffective for informing him that he should accept the plea agreement under the circumstances. Vazquez argues that his trial counsel informed him that the plea agreement was a "good deal," but that Tiffany Hurst admitted that all the contraband that was in the house "was her stuff." Appellant's Brief at 20. Vazquez also argues that he received no benefit from the dismissal of "count two, A felony, dealing in cocaine" because a conviction and sentence of that charge would have constituted double jeopardy. Id. The State argues that there was evidence at the sentencing hearing that Vazquez owned the house and that trial counsel could have reasonably concluded that the State would be able to show that Vazquez and Hurst had joint possession of the items found in Vazquez's home.

We observe that Vazquez's trial counsel elicited the answers from Hurst indicating that other than some money that was found all the contraband in the house belonged to Hurst. Further, as pointed out by the State, an investigator with the Tippecanoe County

Sentencing Transcript at 78-79. It appears that the trial court was referring to Morgan v. State, 675 N.E.2d 1067 (Ind. 1996). In Morgan, the Court acknowledged that it was possible for a defendant to be convicted of both conspiracy and dealing charges. 675 N.E.2d at 1072. The Court agreed with and incorporated by reference this court's double jeopardy analysis which examined the charging information and jury instructions before concluding that it was possible for the jury to have convicted the defendant of conspiracy based upon the same act alleged in the dealing charge and that a double jeopardy violation occurred. See id.; Morgan v. State, 648 N.E.2d 1164, 1172 (Ind. Ct. App. 1995), adopted in relevant part by 675 N.E.2d 1067 (Ind. 1996). At the guilty plea hearing, the factual basis indicated that Vazquez knowingly and intentionally delivered cocaine in an amount greater than three grams on February 4, 2002. With respect to the conspiracy charge, the factual basis revealed that between 2001 and 2003, Vazquez agreed with others to deliver and transfer cocaine in an amount greater than three grams, that there were times when Vazquez would go and pick up cocaine and obtain money for the cocaine, and that Vazquez delivered cocaine to a confidential informant or Tiffany, and Vazquez admitted the allegations contained in amended Count V. As discussed earlier, we cannot say that Morgan required that the trial court impose only one conviction and sentence where a trial court, who is presumed to know the law, and not a jury, is involved, the charging information related to the conspiracy charge listed multiple overt acts that differed from the act listed in the dealing charge, and the factual basis also included multiple overt acts in support of the conspiracy charge, and the prosecutor argued that the court could impose convictions and sentences on both charges.

Drug Task Force testified that Vazquez owned the house where the search warrant was executed. We also observe that under the plea agreement, the State dismissed two class C felonies and four class D felonies related to events on August 14, 2003. Specifically, the court dismissed Count VI, possession of cocaine as a class C felony; Count VII, possession of methamphetamine as a class C felony; Count VIII, possession of a schedule IV controlled substance as a class D felony; Count IX, possession of a schedule IV controlled substance as a class D felony; Count X, possession of a schedule IV controlled substance as a class D felony; and Count XI, maintaining a common nuisance as a class D felony. Further, the plea agreement provided that Count III, dealing in cocaine as a class A felony, and Count IV, possession of cocaine as a class C felony related to events on March 12, 2002, were also dismissed. While a trial court may not have been able to impose convictions or consecutive sentences for all of the counts which the State charged depending on the factual circumstances, we cannot say that Vazquez has demonstrated that his trial counsel was ineffective.

4. Failing to Object to and Move to Dismiss Certain Counts

Without citation to the record, Vazquez argues that his trial counsel "should have, properly, advised Vazquez, objected to, and moved to dismiss Count XIII,[6] Information of Corrupt Business Influence, a class C felony, and Amended Count V, Information of Conspiracy to Commit Dealing in Cocaine filed on October 23, 2003, well after the September 30, 2003 omnibus date." Appellant's Brief at 19. Vazquez cites Fajardo v.

---

[6] It appears that Vazquez is referring to Count XII as Vazquez's statement of the case and our review of the record reveals only twelve counts.

State, 859 N.E.2d 1201 (Ind. 2007), for the proposition that a proper objection or motion to dismiss would have been sustained.

The State points out that Fajardo was decided after Vazquez's case concluded. The State argues that case law available at the time the amended charges were filed in this case indicated that it was permissible to add a felony charge or make substantive changes to a previously filed charge after the omnibus date provided that the substantial rights of a defendant were not offended, that the question is whether a defendant had a reasonable opportunity to prepare for and defend against the charges, and here trial counsel was granted several continuances after the additional and amended charges were filed.

At the time of Vazquez's offenses and the criminal proceedings, Ind. Code § 35-34-1-5(b) provided:

> The indictment or information may be amended in matters of substance or form, and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant, at any time up to:
>
> > (1) thirty (30) days if the defendant is charged with a felony; or
> >
> > (2) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;
>
> before the omnibus date. When the information or indictment is amended, it shall be signed by the prosecuting attorney.

Fajardo clarified that Ind. Code § 35-34-1-5(b) required that substantive amendments to charges must be filed within the statutory time frame and that the

question of prejudice was irrelevant to this inquiry.[7] However, the <u>Fajardo</u> opinion recognized that there had been confusion about the application of Ind. Code § 35-34-1-5(b), and it listed numerous cases from this court and the Indiana Supreme Court that looked not just to the timeliness requirement but focused upon whether an amendment prejudiced a defendant. <u>Fajardo</u>, 859 N.E.2d at 1206-1207.

The salient inquiry when determining whether an attorney rendered deficient performance is whether his or her performance fell below an objective level of reasonableness based upon prevailing professional norms. <u>Strickland</u>, 466 U.S. at 687-688. The case law available to Vazquez's trial counsel at the time of trial would have indicated to a reasonable attorney that the untimeliness of an amendment would not necessarily render the amendment impermissible. <u>See</u> <u>Singleton v. State</u>, 889 N.E.2d 35, 41 (Ind. Ct. App. 2008) (rejecting a claim of ineffectiveness of trial counsel premised upon counsel's failure to object to the amendment of an information based on the reasoning later adopted in <u>Fajardo</u>), <u>trans. denied</u>. <u>See also</u> <u>Leatherwood v. State</u>, 880 N.E.2d 315, 318 (Ind. Ct. App. 2008) (holding that <u>Fajardo</u> did not apply retroactively to cases on post-conviction review), <u>reh'g denied</u>, <u>trans. denied</u>. Counsel is not ineffective for failing to anticipate a change in the law. <u>J.A. v. State</u>, 904 N.E.2d 250, 258 (Ind. Ct. App. 2009), <u>trans. denied</u>. Under the circumstances, we cannot say that the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court.

---

[7] Since the <u>Fajardo</u> decision, Ind. Code § 35-34-1-5 has been amended to provide that an indictment or information may be amended in matters of substance before the commencement of trial if the amendment does not prejudice the substantial rights of the defendant.

5.      Forfeiture

Without citation to the record, Vazquez argues that his trial counsel should have moved to dismiss the charges and "should have properly advised Vazquez that the January 20, 2004, and June 24, 2004 forfeiture of Vazquez's property by the United States Government was punishment, and that the September 21, 2004 plea amounted to punishment for the same offense, because each punishment was based upon the dealing and conspiracy charges in violation of *Dawson v. United States*, 77 F.3d 180,[ ]191 (7th Cir. 1996), [reh'g denied,] and *United States v. Austin*, 509 U.S. 602 (1993)." Appellant's Brief at 19-20. The State argues that Vazquez waived this issue by failing to cite to the record and that, waiver notwithstanding, trial counsel could have reasonably concluded that the forfeiture of Vazquez's property did not create double jeopardy problems.

To the extent that Vazquez cites Austin, we observe that the United States Supreme Court has held: "These civil forfeitures (and civil forfeitures generally), we hold, do not constitute 'punishment' for purposes of the Double Jeopardy Clause," and that nothing in Austin "purported to replace our traditional understanding that civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause." United States v. Ursery, 518 U.S. 267, 270-271, 287, 116 S. Ct. 2135, 2138, 2147 (1996). Under the circumstances, we cannot say that the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. See id.; $100 v. State, 822 N.E.2d 1001, 1010 (Ind. Ct. App. 2005)

24

(holding that the defendant's right to be free from double jeopardy was not violated when the State seized her car after she pled guilty to dealing in marijuana), trans. denied.[8]

B.    Appellate Counsel

Vazquez argues that his appellate counsel was ineffective for failing to argue that the trial court improperly relied upon the claim that he intimidated one of the witnesses prior to her testimony and there had been prior attempts at rehabilitation as aggravators.[9] The State argues that the record supports the aggravators that Vazquez's trial counsel did not challenge on appeal and that appellate counsel could have reasonably concluded that any challenge would not have been successful.

Ineffective assistance of appellate counsel claims fall into three categories: (1) denial of access to an appeal; (2) waiver of issues; and (3) failure to present issues well. Bieghler v. State, 690 N.E.2d 188, 193-195 (Ind. 1997) (citing Lissa Griffin, *The Right to Effective Assistance of Appellate Counsel*, 97 W. VA. L. REV. 1, 21-22 (1994)), reh'g

---

[8] In $100, the court observed that the Supreme Court developed a two-part test to determine whether, in a specific case, an *in rem* forfeiture constitutes punishment for Fifth Amendment purposes. 822 N.E.2d at 1009 (citing Ursery, 518 U.S. at 288, 116 S. Ct. 2135). The first step is to ask whether the legislature intended the proceedings under a forfeiture statute to be civil or criminal, and the second step is to determine whether the proceedings are so punitive in fact as to persuade us that the forfeiture proceedings may not legitimately be viewed as civil in nature despite the legislature's intent. Id. (citing Ursery, 518 U.S. at 288, 116 S. Ct. 2135). Vazquez does not develop an argument addressing the two steps.

[9] On direct appeal, this court addressed the two aggravators that are the focus of Vazquez's petition. Specifically, this court stated:

As for the first unchallenged aggravator – that Vazquez intimidated one of the witnesses prior to her testimony – the trial court found that to be the "most significant" aggravator. Sent. Tr. p. 81. In fact, the record shows that Vazquez has a pending charge regarding that intimidation. The second aggravator that Vazquez does not challenge is that there have been prior attempts at rehabilitation. In regards to this, the trial court noted that Vazquez has "had numerous chances to have substance abuse counseling and has failed to deal with that or worse, has cured his own problem but has gone out and pandered others and being an active attempt to sell drugs to others." Id. at 82-83.

Vazquez, 839 N.E.2d at 1234-1235.

25

denied, cert. denied, 525 U.S. 1021, 119 S. Ct. 550 (1998). Vazquez raises a claim under the second category.

To prevail on a claim about appellate counsel's failure to raise an issue, the first prong of the Strickland test requires Vazquez to show from the information available in the trial record or otherwise known to appellate counsel that appellate counsel failed to present a significant and obvious issue and that this failure cannot be explained by any reasonable strategy. Carter v. State, 929 N.E.2d 1276, 1278 (Ind. 2010). We "consider the totality of an attorney's performance to determine whether the client received constitutionally adequate assistance." Bieghler, 690 N.E.2d at 194. In Bieghler, the Court approved the two-part test used by the Seventh Circuit to evaluate these claims: (1) whether the unraised issues are significant and obvious from the face of the record; and (2) whether the unraised issues are "clearly stronger" than the raised issues. Id. (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)).

If the analysis under this test demonstrates deficient performance, then we evaluate the prejudice prong which requires an examination of whether the issues which appellate counsel failed to raise, would have been clearly more likely to result in reversal or an order for a new trial. Henley v. State, 881 N.E.2d 639, 645 (Ind. 2008) (citing Bieghler, 690 N.E.2d at 194). Although the performance prong and the prejudice prong are separate inquiries, failure to satisfy either prong will cause the claim to fail. Id. If we can easily dismiss an ineffective assistance claim based upon the prejudice prong, we may do so without addressing whether counsel's performance was deficient. Id. Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. Id.

26

With respect to the court's aggravator that Vazquez attempted to intimidate a witness prior to testimony, we observe that the following exchange occurred during the direct examination of Hurst, Vazquez's ex-girlfriend:

Q Okay. And did there come a point in time where [Vazquez] threatened or intimidated you about being here today so much so that you had to go to the police and charges were filed?

A I did. I did have a restraining order against [Vazquez].

Q And was that a result of fear or threats that you felt regarding your testimony here today?

A Yes – yes.

Sentencing Transcript at 34. On cross-examination the following exchange occurred:

Q You talked about this intimidation charge that you had initiated against [Vazquez]. That was basically the end of your relationship, correct? And did [Vazquez] do something to threaten or intimidate you or were the police encouraging you to have this charge?

A No, I mean, he admits the threats to me. I mean, verbal threats and I also received some letters. I don't know if they were from him or not, but I felt – I was a little bit scared for my family as well.

Id. at 35. Based upon the record, we cannot say that Vazquez has demonstrated that this issue was significant and obvious from the face of the record or that the unraised issue was clearly stronger than the raised issues.

To the extent that Vazquez alleges that his appellate counsel was ineffective for failing to argue that the trial court improperly relied upon the prior attempts at rehabilitation as an aggravator, we observe that Vazquez does not point to any authority on appeal suggesting that such an aggravator was improper at the time of sentencing in April 2005. Vazquez does cite to a portion of the post-conviction transcript in which he questioned his appellate counsel regarding Morgan v. State. It appears that Vazquez was

27

referring to Morgan v. State, 829 N.E.2d 12, 14 (Ind. 2005), in which the Indiana Supreme Court clarified the trial court's role in characterizing the aggravators for purposes of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).[10] The Court held that statements such as "prior punishments had failed to rehabilitate" a defendant cannot serve as separate aggravating circumstances. "In Morgan [the Court] held that aggravators such as 'failure to rehabilitate' and 'risk to re-offend' are properly categorized as conclusory 'observations about the weight to be given to facts.'" Neff v. State, 849 N.E.2d 556, 560 (Ind. 2006). "As such, they 'merely describe the moral or penal weight of actual facts' and do not stand as separate aggravators when the factual basis that supports the conclusion also serves as an aggravator." Id. (quoting Morgan, 829 N.E.2d at 17).

To the extent that Vazquez implies that the court's consideration of his prior attempts at rehabilitation as an aggravator was improper under Blakely, we observe that Vazquez waived his rights under Blakely and consented to judicial fact-finding. Specifically, the plea agreement states: "Defendant consents to judicial fact-finding of aggravators and mitigators for sentencing." Appellant's Appendix at 46. At the guilty plea hearing, the following exchange occurred:

BY THE COURT:  It's been penciled in as item number five. Defendant consents to judicial fact finding of aggravators and mitigators for sentencing. Do you understand that?

BY MR. VAZQUEZ:  Yes.

---

[10] The Court in Blakely held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Blakely, 542 U.S. at 301, 124 S. Ct. at 2536.

> BY THE COURT: And that was part of the plea agreement when you signed it, was it not?
>
> BY MR. VAZQUEZ: Yes.

Transcript of Guilty Plea Hearing at 16. At sentencing, Vazquez's trial counsel also stated: "The defendant waived the *Blakely* Rule and agreed that the judge could find the aggravators and mitigators as part of his plea." Sentencing Transcript at 5. Accordingly, we cannot say that Vazquez has demonstrated that this issue was significant and obvious from the face of the record or that the unraised issue was clearly stronger than the raised issue or that the post-conviction court erred. See Morgan, 829 N.E.2d at 16 ("When a defendant pleads guilty, the State is free to seek judicial sentencing enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.") (quoting Blakely, 542 U.S. at 310, 124 S. Ct. at 2541); Walker v. State, 843 N.E.2d 50, 60 (Ind. Ct. App. 2006) (holding that the post-conviction court's denial of defendant's claim of ineffective assistance of appellate counsel was not clearly erroneous), reh'g denied, trans. denied, cert. denied, 549 U.S. 1130, 127 S. Ct. 967 (2007).

For the foregoing reasons, we affirm the post-conviction court's denial of Vazquez's petition for post-conviction relief.

Affirmed.

RILEY, J., and BRADFORD, J., concur.