Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**JOANNA L. GREEN**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MICHAEL W. ANDERSON,  )
                                 )
    Appellant-Respondent,  )
                                 )
           vs.  )     No. 45A03-1402-PC-55
                                 )
STATE OF INDIANA,  )
                                 )
    Appellee-Petitioner.  )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Samuel Cappas, Judge
The Honorable Natalie Bokota, Magistrate
Cause No. 45G04-1203-PC-5

**October 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

Michael W. Anderson appeals the denial of his petition for post-conviction relief. We affirm.

The sole issue for our review is whether the trial court erred in denying Anderson's petition.

This Court set forth the facts as follows in Anderson's direct appeal:

> [At approximately 6:00 p.m. on June 6, 2004, twenty-year-old] Anderson was in a car with three friends going to a house where Herman Patterson sold alcohol on Sunday and to minors. One of the friends, Jerome Cousins, suggested it would be a good idea to rob Patterson. The other three initially agreed, but changed their minds when they arrived and saw people standing outside Patterson's house. Cousins announced he intended to rob Patterson to honor his gang. Anderson exited the vehicle saying he was going to "check it out." (Tr. at 214.) After Anderson exited the vehicle, he heard Cousins exit the vehicle and walk after him. Nevertheless, Anderson entered Patterson's house. Anderson and Cousins both fired shots in Patterson's house, and Patterson died of multiple gunshot wounds. Anderson left the house first, entered the car, and left the door open for Cousins. Cousins arrived at the car with a gunshot wound to the stomach, which had been inflicted by Anderson. Cousins asked Anderson why Anderson shot him, and Anderson replied, "I didn't mean to." (*Id.* at 181.) After they left the scene, Anderson threw two guns out the car window. In addition, Anderson told the friend who owned the car to remove the tint from the windows.

*Anderson v. State*, Cause Number 45A04-0701-CR-14 (Ind. Ct. App. Oct. 31, 2007), slip op. at 1.

A jury convicted Anderson of attempted robbery as a Class A felony and acquitted him of felony murder. The trial court sentenced him to thirty-one years, this Court affirmed his conviction on direct appeal, and the post-conviction court denied his petition after a hearing. Anderson appeals the denial. Our discussion of the issues includes additional facts.

2

A defendant who has exhausted the direct appeal process may challenge the correctness of his conviction and sentence by filing a post-conviction petition. *Parish v. State*, 838 N.E.2d 495, 499 (Ind. Ct. App. 2005). Post-conviction procedures do not provide an opportunity for a super-appeal. *Id.* Rather, they create a narrow remedy for subsequent collateral challenges to convictions that must be based on grounds enumerated in the post-conviction rules. *Id.* Post-conviction proceedings are civil proceedings, and a defendant must establish his claims by a preponderance of the evidence. *Id.*

In reviewing the judgment of a post-conviction court, this court considers only the evidence and reasonable inferences supporting its judgment. *Hall v. State*, 849 N.E.2d 466, 468 (Ind. 2006). The post-conviction court is the sole judge of the evidence and the credibility of witnesses. *Id.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, will the court's findings or conclusions be disturbed as being contrary to law. *Id.* at 469.

## I.     Ineffective Assistance of Trial Counsel

Anderson argues that the post-conviction court erred in denying his petition because he received ineffective assistance of trial counsel. We review claims of ineffective assistance of trial counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show that trial counsel's performance fell below an objective standard of reasonableness based on

prevailing professional norms and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Moody v. State*, 749 N.E.2d 65, 67 (Ind. Ct. App. 2001), *trans. denied.*

Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference on appeal. *Wrinkles v. State*, 749 N.E.2d 1179, 1195 (Ind. 2001). Counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *Smith v. State*, 822 N.E.2d 193, 202 (Ind. Ct. App. 2005), *trans. denied.* We will not speculate as to what may or may not have been advantageous trial strategy as counsel should be given deference in choosing a trial strategy which, at the time, and under the circumstances, seems best. *Whitener v. State,* 696 N.E.2d 40, 42 (Ind. 1998). We need not approach the inquiry in the same order or even address both components of the inquiry if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

Here, Anderson contends that his trial counsel was ineffective on the following grounds: 1) counsel inadequately cross-examined and failed to impeach a witness; 2) counsel failed to strike an attorney from the jury panel; 3) counsel failed to object to an improper *Allen* charge; and 4) counsel failed to object to the State's improper vouching for a witness. Anderson also argues that the cumulative effect of the alleged errors amounted to ineffective assistance of counsel. We address each of these contentions in turn.

Anderson first argues that trial counsel was ineffective because he failed to adequately cross-examine State's witness Steve Pullen, the driver of the car. The post-

conviction court concluded that counsel confronted Pullen with his police statements, and that counsel's performance did not fall below prevailing professional norms.

Our review of the trial transcript reveals that trial counsel vigorously and effectively cross-examined Pullen. Specifically, counsel elicited testimony from Pullen that Anderson did not initiate the robbery plan. Counsel also elicited testimony that when the men arrived at the victim's house, Anderson told the men: 1) they should not commit the crime; 2) he was not going to participate in it; and 3) Cousins was "on [his] own." Tr. p. 217. The method of impeaching witnesses is a tactical decision and a matter of trial strategy that does not amount to ineffective assistance of counsel. *Kubsch v. State*, 934 N.E.2d 1138, 1151 (Ind. 2010). Anderson's argument fails to persuade us that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court.

Anderson also argues that trial counsel was ineffective because he failed to strike an attorney from the jury panel. After using his peremptory strikes, trial counsel realized that an attorney was still on the panel. Counsel asked the trial court to grant him an additional strike to remove the attorney but conceded that he knew of no reason why the attorney should not be allowed to serve on the jury. The State responded that it was aware of no case law that would support Anderson's motion and that there was nothing on the record to indicate that this attorney could not be a fair and impartial juror. The trial court explained that it knew of no reason why a lawyer could not serve on a jury and denied trial counsel's request.

The post-conviction court concluded that Anderson failed to present any evidence to show how the seating of this attorney on the jury prejudiced him. Anderson argues that this Court should evaluate the likely prejudice. He has failed to persuade us that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court.

Anderson further argues that trial counsel was ineffective because he failed to object to the trial court's response to a note from the jury. At 11:30 p.m., after six hours of deliberating, the jury sent the following note to the trial court: "We have not reached a unanimous decision yet. Can we reconvene Tuesday for final decision? We are not a hung jury yet." Tr. p. 833. The trial court responded and advised the jury to continue deliberating. Approximately thirty minutes later, the jury reached its verdict.

Anderson believes that the trial court's response to the jury was an *Allen* charge to which trial counsel should have objected. An *Allen* charge is an instruction given to urge an apparently deadlocked jury to reach a verdict. *Fuentes v. State*, 10 N.E.3d 68, 74 (Ind. Ct. App. 2014), *trans. denied*. Such additional instructions are closely scrutinized to ensure that the trial court did not coerce the jury into reaching a verdict that is not truly unanimous. *Id.*

Here, however, there is no indication in the jury's note that it was deadlocked. Rather, the note specifically stated that it "w[as] not a hung jury yet." Tr. p. 833. Further, and more importantly, the trial court's response did not coerce the jury into reaching a non-unanimous verdict. It simply advised the jury to keep deliberating. The trial court's reply did not place any pressure on the jury to force it to reach a verdict. Based on these facts

6

and circumstances, the trial court's response to the jury's note was not an *Allen* charge and trial counsel was not ineffective for failing to object to it. *See Fuentes*, 10 N.E.3d at 75 (explaining trial court's response to jury's question was not fundamental error and did not make a fair trial impossible).

Anderson also argues that trial counsel was ineffective because he failed to object to the State's improper vouching for a witness. Michael Buress, a friend of the victim, testified that he was standing outside talking to other guests at the victim's home when Anderson and a companion went through the door to the victim's basement. While the men were in the basement, Buress heard gunshots and saw the men exit the basement and get into a car. When Buress went downstairs to the basement, he saw the victim had been shot. During closing argument, the State argued that Buress "was pretty much as real as they come. I mean, he basically told us exactly what he saw and nothing more and nothing less." Tr. pp. 791-92.

Anderson contends that the prosecutor improperly vouched for Buress. Generally, a prosecutor may not state his or her personal opinion regarding the credibility of a witness during trial as such statements amount to vouching for a witness. *Thomas v. State*, 965 N.E.2d 70, 77 (Ind. Ct. App. 2012), *trans. denied.* However, a prosecutor may comment on the credibility of a witness as long as the assertions are based on reasons which arise from the evidence. *Neville v. State*, 976 N.E.2d 1252, 1260 (Ind. Ct. App. 2012), *trans. denied*. For example, in *Hobson v.* State, 675 N.E.2d 1090, 1095 (Ind. 1996), the Indiana Supreme Court explained that the prosecutor's statement, "I warned you that [defendants] are liars[,]" was not misconduct because incongruities in the testimony supported the

7

inference that someone had not been testifying truthfully. And in *Neville*, 976 N.E.2d at 1261, this Court explained that the prosecutor's comments that the crime scene technician was "very good at what she does" and "if there were [shell] casings there she would have found them" reasonably arose from evidence that the technician had worked at the crime lab for four years and had collected evidence from approximately 200 cases.

Here, as in *Hobson* and *Neville*, the prosecutor's comment that Buress was "as real as they come . . . because he basically told us exactly what he saw and nothing more and nothing less" arose from evidence that Buress succinctly testified to only what he saw. We find no improper vouching, and trial counsel was not ineffective for failing to object to the prosecutor's comment.

Lastly, Anderson argues that he was "prejudiced by the cumulative effect of trial counsel's deficient performance." Appellant's Br. p. 13. However, the Indiana Supreme Court has explained that [t]rial irregularities which standing alone do not amount to error do not gain the stature of reversible error when taken together." *Kubsch*, 934 N.E.2d at 1154 (citing *Reaves v. State,* 586 N.E.2d 847, 858 (Ind. 1992)).

## II.    Ineffective Assistance of Appellate Counsel

Anderson next argues that the post-conviction court erred in denying his petition because he received ineffective assistance of appellate counsel. The standard of review for ineffective assistance of appellate counsel is the same as for trial counsel in that the defendant must show appellate counsel was deficient in his performance and that the deficiency resulted in prejudice. *Henley v. State*, 881 N.E.2d 639, 644 (Ind. 2008).

8

Anderson claims his appellate counsel was ineffective on the following grounds: 1) counsel failed to raise the trial court's improper *Allen* charge on appeal; 2) counsel did not challenge Anderson's thirty-one-year sentence as inappropriate under Indiana Appellate Rule 7(B); and 3) counsel inadequately presented his challenge to the sufficiency of the evidence on appeal. We address each of his contentions in turn.

Anderson first argues that appellate counsel was ineffective for failing to raise the *Allen* charge issue on appeal. However, because we have already determined that trial counsel was not ineffective for failing to raise this issue, we need not determine whether appellate counsel was ineffective for failing to raise it. *See Dawson v. State*, 810 N.E.2d 1165, 1178 (Ind. Ct. App. 2004), *trans. denied*.

Second, Anderson argues that appellate counsel was ineffective for failing to challenge his thirty-one year-sentence as inappropriate under Indiana Appellate Rule 7(B). To show that counsel was ineffective for failing to raise an issue on appeal thus resulting in waiver for collateral review, the defendant must overcome the strongest presumption of adequate assistance, and judicial scrutiny is highly deferential. *Reed v. State*, 856 N.E.2d 1189, 1195 (Ind. 2006). Ineffective assistance is rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal. *Id.* at 1196. One reason for this is that the decision of what issue to raise is one of the most important strategic decisions to be made by appellate counsel. *Id.*

Indiana Appellate Rule 7(B) authorizes this Court to revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the

offender. Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

At the outset we note that a court sentences a defendant under the sentencing statutes in effect at the time the defendant committed the offense. *Robertson v. State*, 871 N.E.2d 280, 284 (Ind. 2007). Here, when Anderson committed this offense on June 6, 2004, there were presumptive sentences for each crime, allowing the sentencing court limited discretion to enhance a sentence to reflect aggravating circumstances or reduce it to reflect mitigating circumstances. *See Cotto v. State*, 829 N.E.2d 520, 524 (Ind. 2005).

That part of Indiana Appellate Rule 7(B) that refers to the "nature of the offense" speaks to the statutory presumptive sentence for the class of crimes to which the offense belongs. *Williams v. State*, 782 N.E.2d 1039, 1051 (Ind. Ct. App. 2003), *trans. denied.* The classifications of crimes and their presumptive sentences, enhancements, and reductions have been determined by the General Assembly as a matter of public policy. *Id.* The presumptive sentence for a Class A felony was thirty years, with not more than 20 years added for aggravating circumstances and not more than ten years subtracted for mitigating circumstances. Ind. Code § 35-50-2-4. The trial court sentenced Anderson to thirty-one years, which was just a year more than the presumptive sentence. We further note that the nature of the offense involved a home invasion and death.

Regarding the character of the offender, Anderson has an extensive criminal history that includes three juvenile adjudications for offenses that would be felonies if committed

10

by an adult. Anderson also had three felonies pending at the time he was sentenced for the felony in this case. Anderson's character is that of a serial criminal whose frequent contacts with the criminal justice system have not caused him to reform himself. *See Vazquez v. State*, 839 N.E.2d 1229, 1235 (Ind. Ct. App. 2005), *trans. denied*.

Based upon the foregoing, Anderson's thirty-one-year sentence is not inappropriate. We therefore conclude that Anderson was not prejudiced by appellate counsel's failure to challenge his sentence pursuant to Appellate Rule 7(B).

Lastly, Anderson argues that "[a]ppellate counsel did such a poor job presenting Anderson's claim of sufficiency of the evidence that it constituted ineffective assistance of counsel." Appellant's Br. p. 18. According to Anderson, appellate counsel should have presented additional facts in support of his claim.

Claims of inadequate presentation of an issue are the most difficult for defendants to advance and reviewing tribunals to support. *Bieghler v. State*, 690 N.E.2d 188, 195 (Ind. 1997). This is true for two reasons. *Id.* First, these issues require the reviewing court to revisit issues it has already adjudicated, which implicates concerns of finality, judicial economy, and repose. *Id.* Second, a reviewing court is not limited to the arguments presented by appellate counsel and performs its own independent review of the record and case law in reviewing the claim. *Id.*

Here, in support of his argument, Anderson directs us to *Henley*, 881 N.E.2d at 639, where this Court declined to address Henley's claim on waiver grounds because appellate counsel so poorly presented the issue. Specifically, counsel failed to provide legal analysis of the issue, to cite any legal authority, and to cite relevant portions of the record. On

transfer, the Indiana Supreme Court was persuaded that had appellate counsel presented cogent argument with citation to relevant authority challenging the sufficiency of the evidence to support the conviction, the conviction would have been reversed. *Id.* at 653.

However, the facts before us are distinguishable from those in *Henley* because counsel in this case provided legal analysis as well as citations to legal authority and relevant portions of the record. After reading appellate counsel's legal analysis, cited cases, and relevant portions of the record, this Court concluded there was sufficient evidence to support Anderson's Class A attempted robbery conviction. *See Anderson*, slip op. at 3.

The standard of review for sufficiency of the evidence provides that when assessing the sufficiency of the evidence, reviewing courts must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). If there is substantial evidence of probative value from which a trier of fact could find guilt beyond a reasonable doubt, we will affirm the conviction. *Exum v. State*, 812 N.E.2d 204, 207 (Ind. Ct. App. 2004), *trans. denied.* On direct appeal in this case, this Court found such evidence to support Anderson's conviction. *See Anderson*, Cause Number 45A04-0701-CR-14. The presentation of additional facts in favor of Anderson would not have changed this result. Appellate counsel was not ineffective.

### III. Due Process Violation

In his final challenge to the denial of his petition for post-conviction relief, Anderson argues that the post-conviction court erred because his "due process rights under the 14[th] Amendment were violated because his conviction relied on the untruthful

12

testimony of . . . State's witness [Steve Pullen]." Appellant's Br. p. 22. However, our review of the testimony at the post-conviction hearing reveals that Pullen testified that he did not lie at trial, and that he did not tell Anderson's mother that he had been threatened. Further, Anderson did not introduce any admissible evidence in support of his argument that Pullen had testified untruthfully. We find no due process violation, and the post-conviction court did not err in denying his petition.

Affirmed.

MATHIAS, J., and BROWN, J., concur.