## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 07 2020, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dante M. Riley, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 7, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-3002 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable John T. Roach, Judge <br><br> Trial Court Cause Nos. <br> 84D01-1801-F4-370 <br> 84D01-1608-F6-2331 |

**Darden, Senior Judge.**

# Statement of the Case

[1]     Dante M. Riley appeals the seven-year sentence the trial court imposed after he pleaded guilty to unlawful possession of a firearm by a serious violent felon, a Level 4 felony.[1]  We affirm.

# Issue

[2]     Riley raises one issue, which we restate as:  whether his sentence is inappropriate in light of the nature of the offense and his character.

# Facts and Procedural History

[3]     On January 25, 2017, Riley had pled guilty in Cause Number 84D01-1608-F6-2331 ("F6-2331") to maintaining a common nuisance, a Level 6 felony.  In exchange, the State dismissed several other pending charges and an habitual offender sentencing enhancement.  Per the terms of the plea agreement, the trial court imposed a two year suspended sentence and placed Riley on probation for two years.

[4]     On January 28, 2018, Officer Sanders of the Terre Haute Police Department was on routine patrol when he saw a car, driven by a person later identified as Riley, traveling at a high rate of speed.  Riley also committed several other driving infractions as he drove.  Sanders followed Riley and activated his emergency lights to signal Riley to stop.  Rather than stop, Riley increased his

---

[1] Ind. Code § 35-47-4-5 (2017).

speed and sped away. Sanders then activatted his siren and continued to follow.

[5] Riley eventually drove to a gas station and parked at a pump, where Officer Sanders took Riley into custody. Riley had a passenger in his car, who told Sanders that she and Riley had just left a bar when Riley noticed Sanders' patrol car and chose to flee. She further stated that she had repeatedly told Riley to stop the car during the pursuit, but he had refused.

[6] Officer Sanders noticed that Riley had an odor of alcoholic beverage on his breath. In addition, Riley had bloodshot, watery eyes. He was also unsteady on his feet and displayed poor manual dexterity. A computer search revealed that Riley's driver's license was suspended.

[7] Other officers arrived on the scene and searched the car and found several bullets in the car's center console, but no gun. Riley's passenger denied that the bullets were hers. Officer Sanders recalled several locations during the pursuit where Riley could have thrown a gun from the car. He described the locations to other officers, who left to search them. One of the officers found a handgun in a yard that was located along the pursuit route. Subsequent examination revealed that the bullets that were found in the car matched bullets that were found in the handgun.

[8] On January 30, 2018, the State filed a charging information against Riley in Cause Number 84D01-1801-F4-370 ("F4-370"). The State alleged that Riley had committed the offenses of unlawful possession of a firearm by a serious

violent felon, a Level 4 felony; resisting law enforcement by use of a vehicle, a Level 6 felony; operating a vehicle while intoxicated with a prior conviction, a Level 6 felony; and driving while suspended with a prior conviction, a Class A misdemeanor. On February 2, 2018, the State filed a notice of probation violation in Cause Number F6-2331, alleging that Riley had violated the terms and conditions of his probation by committing the offenses charged in Cause Number F4-370, the instant offense.

[9] As Cause Number F4-370 progressed to trial, Riley filed several motions to reduce his bond and a motion to be released to a treatment center. The trial court initially denied the motions. However, on July 30, 2018, the trial court released Riley from pretrial incarceration on his own recognizance, citing Indiana Criminal Rule 4(A).

[10] On December 13, 2018, the State filed new charges against Riley under Cause Number 84D01-1812-F6-4338 ("F6-4338"), for acts he allegedly committed after he had been released from jail on July 30, 2018. Specifically, the State alleged that Riley had committed two counts of resisting law enforcement, one as a Level 6 felony and the other as a Class A misdemeanor. The State filed an additional notice of probation violation in Cause Number F6-2331, citing the new charges in Cause Number F6-4338 as an additional basis for revoking Riley's probation.

[11] On February 26, 2019, Riley filed a motion to suppress evidence in Cause Number F4-370. The trial court denied the motion after a hearing. On March

22, 2019, the parties filed a notice of plea agreement that addressed Cause Numbers F6-4338, F4-370, and F6-2331, but Riley later withdrew from the agreement before the trial court accepted it.

[12] On May 17, 2019, the State filed an habitual offender enhancement in Cause Number F4-370. On October 8, 2019, the parties informed the trial court that they had once again reached a plea agreement addressing all three cases, and they filed a copy of the plea agreement for the trial court's review.

[13] The plea agreement provided that in Cause Number F6-2331, Riley would admit to violating the terms and conditions of his probation, and he would be "terminated from probation unsatisfactorily." Appellant's App. Vol. 2, p. 222. The plea agreement further provided that the State would dismiss all charges in Cause Number F6-4338.

[14] As for Cause Number F4-370, the plea agreement stated that Riley would plead guilty to unlawful possession of a firearm by a serious violent felon, a Level 4 felony, and the State would dismiss the remaining three charges, along with the habitual offender sentencing enhancement. Any executed portion of Riley's sentence would be capped at seven years but, otherwise, all other terms and conditions were left to the trial court's discretion. In addition, after Riley had served seventy-five percent of the executed portion of his sentence, he would be permitted to file a motion for sentence modification. If Riley filed such a motion, the State agreed that it would not object, and the question of sentencing modification would be left to the discretion of the trial court.

[15]   On October 9, 2019, the trial court held a hearing on the parties' plea agreement. The trial court extensively questioned Riley and determined that his guilty plea was being knowingly and voluntarily entered. The trial court further determined that there was an adequate factual basis for acceptance of the plea. The trial court took the plea agreement under advisement and set a sentencing date.

[16]   On November 20, 2019, the trial court presided over the sentencing hearing. The trial court accepted the plea agreement, terminated Riley's probation in Cause Number F6-2331, and dismissed with prejudice, both charges in Cause Number F6-4338. As for Cause Number F4-370, the trial court imposed an executed sentence of seven years for the conviction of unlawful possession of a firearm by a serious violent felon, and dismissed the remaining charges. This appeal followed.

## Discussion and Decision

[17]   Riley argues that length of his sentence is inappropriate and asks the Court to reduce the term by an unspecified amount.[2] Article 7, section 6 of the Indiana Constitution authorizes this Court to review and revise sentences "to the extent provided by rule." This constitutional authority is implemented through Appellate Rule 7(B), which provides that this Court may revise a sentence

---

[2] Although Riley included Cause Number F6-2331 in his notice of appeal, he does not present any argument as to the termination of his probation in that case.

otherwise authorized by statute "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[18]     A defendant bears the burden of persuading the appellate court that his or her sentence has met this inappropriateness standard of review. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether a sentence should be deemed inappropriate turns on our sense of culpability of the defendant, the severity of the crime, the damage done to others, and other factors. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[19]     "[W]e must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). Deference to the sentencing decision "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[20]     To assess whether a sentence is inappropriate, we look first to the statutory range established for the class of the offense. At the time Riley committed the offense of unlawful possession of a handgun by a serious violent felon, the possible sentencing range for a Level 4 felony was imprisonment for a fixed

term of between two and twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-5.5 (2014). The trial court sentenced Riley to seven years, all executed. The seven years executed portion of Riley's sentence is the maximum permissible under the parties' plea agreement, and it is only one year above the advisory sentence established by statute.

[21] Turning to the nature of the offense, Riley argues that he never attempted to use "or brandish" the handgun. Appellant's Br. p. 8. Riley is correct. On the other hand, our review reveals that his conduct during the offense demonstrates a shocking lack of concern or regard for others. He led Officer Sanders on a high speed car chase through the city Terre Haute, posing the potential risk of harm to innocent pedestrians, himself, his passenger, Officer Sanders, and other innocent motorists. In addition, Riley attempted to dispose of his handgun by throwing it out of the car without any concern for where it might have landed or who may have found and used it. The nature of the offense does not demonstrate that the seven-year sentence is inappropriate.

[22] As for the character of the offender, Riley was twenty-eight years old at sentencing. He has an extensive criminal record, consisting of seven felony convictions (burglary, strangulation, possession of marijuana, battery, maintaining a common nuisance, and two convictions of robbery) and six misdemeanor convictions (criminal recklessness, domestic battery, possession of marijuana, illegal consumption of alcohol, conversion, and operating a vehicle with an alcohol concentration equivalent of .08 or more). It appears that Riley has accrued new convictions every two years, demonstrating an

unwillingness to comply with the law.  Indeed, after he was released from pretrial incarceration in Cause Number F4-370 on July 30, 2018, less than five months later in December, 2018, he was charged with committing new offenses in Cause Number F6-4338.

[23]  In addition, Riley has been placed on probation nine times, including in Cause Number F6-2331, and has never successfully completed a period of probation. He was also placed on work release in one case, and violated the terms of that placement.  The trial court commented to Riley during sentencing, "[y]our history doesn't bode well in terms of being on probation, or community corrections either."  Tr. Vol. 2, pp. 35-36.

[24]  Riley argues that he accepted responsibility for his actions by pleading guilty.  If the State reaps a substantial benefit from the defendant's act of pleading guilty, the defendant deserves to have a substantial benefit returned.  *Sensback v. State*, 720 N.E.2d 1160, 1164 (Ind. 1999).  But a guilty plea may not be significantly mitigating "when the defendant receives a substantial benefit in return for the plea."  *Anglemyer v. State*, 875 N.E.2d 218, 221 (Ind. 2007), *on reh'g*.

[25]  In Riley's case, he received the following substantial benefits from pleading guilty:  (1) the termination of probation in Cause Number F6-2331, without having to serve a possible two-year consecutive suspended sentence; (2) the dismissal of two charges, including a Level 6 felony, in Cause Number F6-4338; (3) the dismissal of three charges, including two Level 6 felonies, in Cause Number F4-370, along with dismissal of an habitual offender enhancement;

and (4) the option to file a motion for sentence modification in Cause Number F4-370, without objection by the State, after he serves seventy-five percent of his sentence.

[26] By contrast, the State's benefit from Riley's guilty plea was minimal. By the time Riley entered into the plea agreement, Cause Number F4-370 was over a year and a half old, and the State had expended substantial resources litigating the matter, including preparing for trial. Riley's guilty plea is not a substantial reason for sentence reduction.

[27] Finally, Riley argues that his two sons will suffer undue hardship while he is incarcerated. "[J]ail is always a hardship on dependents." *Vazquez v. State*, 839 N.E.2d 1229, 1234 (Ind. Ct. App. 2005), *trans. denied*. "[A]bsent special circumstances," a court is not required to find that imprisonment of a defendant will result in undue hardship to a dependent. *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999).

[28] In Riley's case, he has two minor children, for which he is obligated by court orders to pay child support. But he does not have custody of either child. Further, as the trial court noted while rejecting hardship to Riley's children as a mitigating factor during sentencing, Riley has committed numerous other criminal offenses as an adult and has been either absent or incarcerated during the children's lives. The trial court concluded, and we agree, that any hardship was imposed "on those kids years ago when [Riley] started down this path" of self-destruction. Tr. Vol. 2, p. 36. The hardship to Riley's children is not a

substantial basis for reducing his sentence. We conclude Riley that has failed to demonstrate that his sentence is inappropriate in light of the nature of the offense and his character.

# Conclusion

[29] For the reasons stated above, we affirm the judgment of the trial court.

[30] Affirmed.

Riley, J., and Altice, J., concur.