James **SHAFER**, Appellant–Petitioner,

v.

**STATE of Indiana, Appellee–Respondent,**

and

James Shafer, Appellant–Petitioner,

v.

State of Indiana, Appellee–Respondent.

No. 25A05–0507–CR–385.

Court of Appeals of Indiana.

Nov. 14, 2006.

Transfer Denied Jan. 3, 2007.

T. Andrew Perkins, Peterson & Waggoner, LLP, Rochester, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

In this consolidated appeal, James Shafer appeals his enhanced and consecutive sentences for robbery resulting in serious bodily injury in one cause number and burglary in another cause number. Because a trial court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time, the Fulton Circuit Court did not abuse its discretion in ordering Shafer's robbery sentence to be served consecutive to Shafer's burglary sentence in Fulton Superior Court, which was imposed later that same day. In addition, the courts did not abuse their discretion in finding Shafer's commission of another crime against the same establishment and his lack of remorse as aggravators. We therefore affirm Shafer's sentences.

### Facts and Procedural Background

Around 2:00 a.m. on September 2, 1999, Shafer broke into the Elks Club in Rochester, Indiana, through a locker room window. Shafer took approximately $1600.00 or $1700.00 and left through the side door of the building.

In early March 2001, Shafer and Kevin Redford agreed to rob the Rochester Elks Club. Both men used to work there and knew where the money was kept. Part of the plan included knocking out Elks Club employee Roxanne Nafziger, who would be there by herself, so that they could take the money. On March 21, 2001, both men were at the Elks Club and left shortly before closing. Soon thereafter, they returned through another door and hid in the waitress station until after the club closed. Redford gave Shafer a skillet, and Shafer waited for Roxanne. As Roxanne walked by, Shafer swung the skillet at her; however, Roxanne deflected the skillet, and it hit some railing and shattered. Shafer then picked up a large piece of the skillet and hit Roxanne on the head with it. Roxanne fell to the floor, and Shafer stayed with Roxanne while Redford went to retrieve the money. Roxanne asked Shafer, who was holding a knife, not to kill her, and Shafer told her that his friend might kill her. After Redford obtained the money, the pair left. Shafer and Redford then went to Redford's house, where they divided the money, each taking approximately $1600.00.

On March 23, 2001, the State charged Shafer with Class A felony attempted murder and Class A felony robbery resulting in serious bodily injury for the March 21, 2001, incident at the Rochester Elks Club under Cause No. 25C01–0103–CF–14 ("Cause No. 14"). On April 17, 2001, the State charged Shafer with Class C felony burglary for the September 2, 1999, incident at the Rochester Elks Club under Cause No. 25D01–0104–CF–32 ("Cause No. 32"). On October 10, 2001, Shafer pled guilty to robbery resulting in serious bodily injury under Cause No. 14 and burglary under Cause No. 32.

The Fulton Circuit Court held the sentencing hearing for Cause No. 14, the 2001 crime, on November 13, 2001. The circuit court identified the following aggravators: (1) the planning of the crime included the infliction of serious bodily injury on Roxanne, including her possible death; (2) although Roxanne's injury is an element of the crime, it is an extraordinary serious bodily injury resulting in permanent head and brain injuries; (3) Shafer was the primary planner and leader in this crime, and he personally inflicted the injury on Roxanne; (4) Shafer has not shown remorse; and (5) although Shafer does not have a criminal record, he has a juvenile record and pled guilty to an earlier burglary of the same Elks Club. The circuit court identified the following mitigators: (1) Shafer was cooperative in the investigation and pled guilty; (2) Shafer does not have a criminal record, though the significance of this mitigator is diminished in light of his juvenile record and earlier burglary of the club to which he pled guilty; and (3) Shafer's youthful age. Finding that the aggravators outweighed the mitigators, the circuit court sentenced Shafer on robbery resulting in serious bodily injury to the maximum term of fifty years with five years suspended. The circuit court ordered this sentence to be served "consecutive [to] the pending charges concerning burglary of the Rochester Elks in Fulton Superior Court." Appellant's App. p. 32.

After the sentencing hearing in circuit court, the Fulton Superior Court held a sentencing hearing in Cause No. 32, the 1999 crime, that same day. The superior court identified the following aggravators: (1) Shafer is in need of correctional treatment given his juvenile record and the fact that prior probation and lenient treatment did not work; (2) Shafer's driving record, specifically numerous incidents of failures to appear and to pay, which speaks to his character and lack of respect for the law; (3) no work history; and (4) Shafer committed a crime against the same Elks Club a couple of years later. The superior court identified the following mitigators: (1) Shafer's youthful age, which was twenty-two at the time of sentencing; (2) Shafer did not have much of a criminal history; and (3) Shafer had a newborn child. Concluding that the aggravators outweighed the mitigators, the superior court sentenced Shafer on burglary to an enhanced term of six years with two years suspended. The superior court ordered this sentence "to be served consecutively to Circuit Court Cause Number 25C01–0103–CF–14." *Id.* at 140.

Shafer sought belated appeals in each cause number, which each court granted, and this court consolidated the cases for appeal.

## Discussion and Decision

Shafer raises several issues on appeal. First, he contends that the circuit court in Cause No. 14 erred in ordering his robbery resulting in serious bodily injury sentence to be served consecutive to his burglary sentence in Cause No. 32 because he had not yet been sentenced for burglary at the time of his sentencing for robbery. Second, he contends that the superior court in Cause No. 32, the 1999 case, relied on an improper aggravator—that Shafer committed a crime against the same Elks Club in 2001—because he had not yet committed the 2001 crime at the time he committed the 1999 crime. Last, he contends that the circuit court in Cause No. 14 erred by finding his lack of remorse shown as an aggravator. We address each issue in turn.

### I. Consecutive Sentences

■ First, Shafer contends that the circuit court in Cause No. 14 erred in ordering his robbery resulting in serious bodily injury sentence to be served consecutive to

his burglary sentence in Cause No. 32 because he had not yet been sentenced for burglary at the time of his sentencing for robbery. The decision to impose consecutive sentences is generally within the trial court's discretion. *Edmonds v. State,* 840 N.E.2d 456, 461 (Ind.Ct.App.2006), *trans. denied.*

At the time of sentencing in this case, Indiana Code § 35–50–1–2 (2004) provided:

(c) Except as provided in subsection (d) or (e), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the aggravating and mitigating circumstances in IC 35–38–1–7.1(b) and IC 35–38–1–7.1(c) in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively *even if the sentences are not imposed at the same time* . . . .

(Emphasis added). Subsection (d) then set forth certain situations in which consecutive sentencing was mandatory:

(d) If, after being arrested for one (1) crime, a person commits another crime:

(1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

(2) while the person is released:

(A) upon the person's own recognizance; or

(B) on bond;

the terms of imprisonment for the crimes shall be served consecutively, *regardless of the order in which the crimes are tried and sentences are imposed.*

Ind.Code § 35–50–1–2(d) (2004) (emphasis added).

■ Here, no one argues that consecutive sentencing was mandatory. Therefore, subsection (d) does not apply. In any event, it is clear from both subsections (c) and (d) that our legislature intended that trial courts can impose consecutive sentences in two different cause numbers even if the sentences are not imposed at the same time, which means that the order in which the sentences are imposed is immaterial. *See Dixon v. State,* 825 N.E.2d 1269, 1274 (Ind.Ct.App.2005) (holding that under subsection (c), "the trial court has the discretion to order consecutive sentences even when the sentences are not contemporaneously imposed"), *trans. denied.* The Fulton Circuit Court and the Fulton Superior Court sentenced Shafer on the very same day. The circuit court in Cause No. 14 sentenced Shafer for robbery resulting in serious bodily injury and ordered that sentence to be served consecutive to his burglary sentence in superior court in Cause No. 32, which was imposed later that day. At the time of sentencing for robbery, Shafer had already pled guilty to burglary, and all that remained in the burglary case was for Shafer to be sentenced. Given these circumstances, the circuit court in Cause No. 14 did not abuse its discretion in ordering Shafer's robbery sentence to be served consecutive to his burglary sentence in Cause No. 32. Regardless, the superior court in Cause No. 32 also ordered Shafer's burglary sentence to be served consecutive to his robbery sentence in Cause No. 14; therefore, even if the circuit court in Cause No. 14 abused its discretion in ordering consecutive sentences, in the end consecutive sentences were still properly imposed.

**II. Aggravators**

■ Shafer next contends the superior court and the circuit court erred in finding two aggravators. In general, sentencing lies within the discretion of the trial court. *Vazquez v. State,* 839 N.E.2d 1229, 1232 (Ind.Ct.App.2005), *trans. de-*

*nied.* As such, we review sentencing decisions only for an abuse of discretion, including a trial court's decision to increase the presumptive sentence because of aggravating circumstances. *Id.*

### A. Criminal History

█ First, Shafer argues that the superior court in Cause No. 32, the 1999 case, relied on an improper aggravator—that Shafer committed a crime against the same Elks Club in 2001—because he had not yet committed the 2001 crime at the time he committed the 1999 crime. Therefore, Shafer's argument continues, for purposes of sentencing for the 1999 crime, the 2001 crime was not part of his prior criminal record and therefore could not be used as an aggravator. Shafer is correct that the 2001 crime is not part of his prior criminal record in regards to sentencing for the 1999 crime. However, that is not how the superior court utilized Shafer's 2001 crime as an aggravator. Rather, the superior court listed this aggravator separate from its mention of Shafer's juvenile record and numerous instances of failures to appear and to pay. *See* Appellant's App. p. 139. The superior court considered the fact that Shafer later committed another crime against the same Elks Club as a reflection on his character and as a risk that he will commit another crime, both mandatory sentencing considerations under Indiana Code § 35–38–1–7.1 (2004). The trial court did not abuse its discretion in utilizing Shafer's later commission of a crime against the same club as an aggravator. In any event, the superior court found three other aggravators, none of which Shafer challenges. We therefore affirm Shafer's sentence for burglary in Cause No. 32.

### B. Remorse

Second, Shafer argues that the circuit court in Cause No. 14 erred by finding as an aggravator that he "has not shown remorse about this act prior to Sentencing hearing." Appellant's App. p. 34. Specifically, Shafer claims that this was erroneous because the court relied on testimony he gave at Redford's trial and that the court cannot take judicial notice of his testimony at that trial.

Shafer testified at his sentencing hearing in Cause No. 14. During direct examination, Shafer's attorney asked him if he was remorseful, to which he responded:

> Yes, Mam [sic]. I would like to apologize to Rox and the Elk's and everyone that I hurt. I know it hurt them. **[SOBBING]** I know I can't change it. I hope some day they will forgive me for what I have done.

Cause No. 14, Tr. Nov. 13, 2001, hg. p. 52. Shafer also talked about a letter he wrote to the court, wherein he stated that he wished he could take everything back, that he prayed for Roxanne's healing, that he's trying to change his life by getting his GED, and that he's reaccepted Christ in his life. Shafer explained that he finds it very difficult to show his emotions but that he has been remorseful since the very beginning. Shafer's attorney mentioned to Shafer, however, that some people have seen him as looking "indifferent" to the situation. *Id.* at 53.

In pronouncing sentence, the trial court referenced Shafer's "callousness" during his testimony at Redford's trial. *Id.* at 68. The court also discussed Shafer's "inability" to show his feelings publicly. *Id.* The court concluded:

> I say that there will be a specific aggravating circumstance that relates to a lack of remorse shown, and each of those words is important there. Ah, I don't know that he actually lacks remorse but he certainly hasn't been able to display that to the victims and to the

community. And anyway ... like what Kevin [Redford] did.

*Id.*

A trial court may find a defendant's lack of remorse to be an aggravating factor. *Veal v. State,* 784 N.E.2d 490, 494 (Ind.2003). To the extent the trial court relied on 9 Shafer's callousness during his testimony at Redford's trial and compared his expression of remorse to that of Redford, the trial court erred. This is because a trial court cannot take judicial notice of its own records in another case, even though the parties and the subject matter are related. *See Richard v. Richard,* 812 N.E.2d 222, 225 (Ind.Ct.App. 2004). However, a major topic at Shafer's sentencing hearing in Cause No. 14 was his inability to express his feelings publicly, to which Shafer admitted. Despite this inability to express remorse, Shafer claimed to have been remorseful all along. It was within the court's discretion to determine whether Shafer's claim that he has been remorseful all along was a credible one in light of his own attorney's comment that people have viewed him as "indifferent" throughout this whole ordeal. The trial court did not abuse its discretion by finding Shafer's lack of remorse shown as an aggravator. And even if the trial court erred, the trial court found four other aggravators, none of which Shafer challenges. We therefore affirm Shafer's sentence for robbery in Cause No. 14.

Affirmed.

DARDEN, J., and RILEY, J., concur.