## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 23 2016, 9:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Matheny, Hahn, Denman & Nix, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher Riddle, <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | November 23, 2016 <br><br> Court of Appeals Case No. <br> 90A05-1604-CR-931 <br><br> Appeal from the Wells Circuit Court <br><br> The Honorable Kenton W. Kiracofe, Judge <br><br> Trial Court Cause No. <br> 90C01-1409-F3-3 |

**Brown, Judge.**

[1] Christopher Riddle appeals his sentence for attempted robbery as a level 5 felony. Riddle raises two issues which we revise and restate as:

    I.    Whether the trial court abused its discretion in sentencing him; and

    II.    Whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

[2] On August 30, 2014, Connie Blair gave Riddle a ride from the Signature Nursing Home to the Pak-A-Sak gas station in Wells County, Indiana. When they arrived at the gas station, Riddle attempted to rob Blair by pointing an object at her head that was underneath a piece of clothing which he represented was a handgun.

[3] On September 15, 2014, the State charged Riddle with Count I, attempted robbery as a level 3 felony. Prior to that date, Riddle had surrendered himself to Wells County authorities on an outstanding warrant from Pennsylvania. On January 25, 2016, Riddle submitted to a polygraph examination, and it was determined based thereon that Riddle was not in possession of a handgun during the attempted robbery. On January 27, 2016, the State filed Count II, attempted robbery as a level 5 felony robbery.

[4] On February 10, 2016, Riddle filed a motion to enter a plea of guilty to Count II, attempted robbery as a level 5 felony. The motion also stated that "[s]entencing shall be left to the discretion of the Court with both sides free to

argue." Appellant's Appendix at 167. That same day, the court accepted Riddle's plea of guilty and took the matter under advisement.

[5] On April 13, 2016, the court conducted a sentencing hearing at which Riddle directed the court's attention to a letter referenced in the presentence investigation report ("PSI") regarding a recovery program called Reformers Unanimous.[1] The State requested a fully executed sentence of six years, arguing that Riddle's criminal history demonstrates a pattern of escalation from property crimes to crimes against persons, that he has had rehabilitation opportunities in the past that were unsuccessful, that he was a high risk to reoffend, and that the nature and circumstances of the crime were an aggravator because Blair believed Riddle pointed a gun at her head and threatened her life. The court sentenced Riddle to six years executed to be served consecutive to his sentences stemming from crimes committed in Pennsylvania. In sentencing Riddle, the court stated:

> COURT: The Court has reviewed the Presentence Investigation Report, has reviewed the probable cause affidavit in this matter as well and presided over the [Riddle's] guilty plea hearing. The Court notes the [PSI] outlines two statutory aggravating factors, namely: [Riddle's] criminal history, also that he was on probation while this offense was committed. The Court finds those to be valid aggravating factors. The Court does not find any statutory mitigating factors. Non-statutory mitigating factors the Court will note the [Riddle] has pled guilty to this matter. The Court will also recognize the fact the [Riddle] has filed with

___

[1] We note that this letter is not contained in the record on appeal.

the Court or had caused to be filed with the Court through the [PSI] a statement to the victim and apologized to her which I give you some credit for as a mitigating factor.

This was charged as a level 3 felony, which is armed robbery, and has been amended to reflect the fact as discussed here today there was no actual gun. That said, I'm looking at a sentence as a criteria for sentencing as an aggravating factor that the harm under (a)1, 7.1(a)(1), the harm to the victim was significant. Mrs. Blair thought you had a gun, sir. You gave her every indication that you had a gun. Whether or not there was an actual gun involved or not, you put her in fear for her life that you had a gun. You pointed something at her head and told her it was a gun. There was a struggle for it. You hit her and you preyed…

MR. RIDDLE: I did not hit her, Your Honor.

COURT: I'm going by her probable cause affidavit statement and that's what the evidence would show under the probable cause statement. You know, you preyed on her kindness and you ask me to show you mercy. She showed you kindness and mercy that day giving you a ride and you preyed upon that. Showing not a decrease in your criminal activity but actually an acceleration, increase in intensity, and now a situation where you have threatened someone with their life. Probation has not been successful in the past and I have no indication it will be successful this time. The starting point in these types of cases is starting with the advisory sentence with a level 5 felony, which is 3 years. I see no reason to deviate from the advisory sentence. I think the circumstances and the aggravating factor here justify and warrant an increase above the advisory sentence and so I think the 6 year sentence requested by the State is appropriate. You placed someone in fear for their life, Mr. Riddle. I know you may be sorry for that now, you have some programs that you are trying to go through, the RU Program and I commend you

for that but you caused a tremendous amount of trauma to this woman. You know, anytime you have a crime in which the other person would be justified in using deadly force to stop your actions I think warrants a severe penalty and I see no reason to deviate from that here. I think you frankly [have] gotten a huge break in having it reduced down to a level 5 felony because of the fear and the impression you gave to this woman that you had a gun and because of that I am going to sentence you to 6 years, no part suspended, to the Indiana Department of Corrections. . . .

Transcript at 35-36.

## *Discussion*

### I.

[6] The first issue is whether the court abused its discretion in sentencing Riddle. We review the sentence for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law." *Id.* at 490-491. If the trial court has abused its discretion, we will remand for resentencing "if we

cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. The relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Id.*

[7] Riddle argues that the court: (A) found an improper aggravating circumstance; and (B) failed to find a proper mitigating circumstance. We address each of Riddle's arguments separately.

A. *Aggravating Circumstance*

[8] Riddle challenges the aggravator identified by the court that the harm to Blair was significant. He argues that in order to convict Riddle of robbery as a level 5 felony the State needed to prove in relevant part that Riddle threatened the use of force or put Blair in fear, and, accordingly the harm inflicted was an element of the offense. Riddle asserts that where a court's reason for imposing a sentence above the advisory sentence includes material elements of the offense, the "reason is 'improper as a matter of law,' absent unique circumstances." Appellant's Brief at 9.

[9] The State argues that this Court has held that, while a material element of a crime cannot be an aggravating circumstance, the nature and circumstances of the crime can be an aggravator, and in this case the court "correctly found the facts of this crime aggravating as they go well beyond the necessary showing that [Riddle] attempted to take property from Connie Blair through the threat of

force." Appellee's Brief at 12. It asserts that Riddle purported to place a gun against Blair's head and threatened to shoot her, which was "more than mere threat of force and more than merely placed the victim in fear. It was the imminent threat to end her life . . . ." *Id.* at 13.

[10] This Court has previously held that "[a]lthough a trial court may not use a material element of the offense as an aggravating circumstance, it may find the nature and circumstances of the offense to be an aggravating circumstance." *Caraway v. State*, 959 N.E.2d 847, 850 (Ind. Ct. App. 2012) (quoting *Plummer v. State*, 851 N.E.2d 387, 391 (Ind. Ct. App. 2006)), *trans. denied*; *see also* Ind. Code § 35-38-1-7.1(a)(1). When a sentence is enhanced based upon the nature and circumstances of the crime, however, "the trial court must detail why the defendant deserves an enhanced sentence under the particular circumstances." *Caraway*, 959 N.E.2d at 850; *see also Pedraza v. State*, 887 N.E.2d 77, 80 n.2 (Ind. 2008) (noting that "a maximum burglary sentence based solely on the opening of an unlocked screen door would be much less appropriate than one committed by obliterating a locked wooden door with a battering ram"); *Filice v. State*, 886 N.E.2d 24, 38 (Ind. Ct. App. 2008) ("[T]he nature and circumstances of a crime can be a valid aggravating factor.") (citing *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001)), *trans. denied*.

[11] The court, in finding the nature and circumstances of the crime as an aggravator, stated:

> I'm looking at a sentence as a criteria for sentencing as an
> aggravating factor that the harm under (a)1, 7.1(a)(1), the harm

> to the victim was significant. Mrs. Blair thought you had a gun, sir. You gave her every indication that you had a gun. Whether or not there was an actual gun involved or not, you put her in fear for her life that you had a gun. You pointed something at her head and told her it was a gun. There was a struggle for it. You hit her and you preyed…

Transcript at 35-36.

[12]  We find that this aggravator was based upon the fact that, rather than merely threatening Blair with force, Riddle threatened deadly force using what he represented to be a handgun. As a result, Blair was placed in fear that her life would end. We cannot say that the trial court abused its discretion by considering the nature and circumstances of the offense as an aggravator. Further, we observe that "a single aggravating circumstance may be sufficient to support the imposition of an enhanced sentence." *Deane v. State*, 759 N.E.2d 201, 205 (Ind. 2001). As previously noted, the court identified other aggravating circumstances which were not challenged by Riddle, including his criminal history and that he was on probation while this offense was committed. *See Shafer v. State*, 856 N.E.2d 752, 758 (Ind. Ct. App. 2006) (affirming the defendant's sentence and holding that even if the court erred in finding one aggravator, the court found other aggravators which the defendant did not challenge), *trans. denied*.

B.  *Mitigating Circumstance*

[13]  The determination of mitigating circumstances is within the discretion of the trial court. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), *trans.*

*denied*. The trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and a trial court is not required to give the same weight to proffered mitigating factors as does a defendant. *Id.* An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist. *Id.*

[14] Riddle argues that the court abused its discretion when it failed to find his participation in programs, including Reformers Unanimous in Bluffton and Prime for Life, violence prevention, victim awareness, and money management while in Pennsylvania, as a valid mitigator. He maintains that "[n]ot only did the trial court recognize his participation, but the trial court commended Riddle for his participation. However, the trial court failed to find the participation as a mitigating circumstance." Appellant's Brief at 10.

[15] The State argues that the court did not overlook Riddle's representations about programs he had participated in—it simply did not find them to be mitigating. It also notes that Riddle "presented no evidence regarding the programs, their duration, their purpose or effects on his behavior, attitude or character." Appellee's Brief at 15.

[16] Initially, we observe that Riddle did not specifically identify his participation in the programs as a mitigating circumstance. At sentencing, Riddle's counsel identified Riddle's "open plea" and his "acceptance of responsibility" in mitigation. Transcript at 34. These proposed mitigators were both accepted by the court as valid mitigators. "If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal." *Henley v. State*, 881 N.E.2d 639, 651 (Ind. 2008) (quoting *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000), *reh'g denied*).

[17] To the extent that Riddle raised his participation in the programs, the record reveals that the court identified that Riddle pled guilty and that he apologized to Blair as valid mitigators and recognized that he had participated in certain programs while incarcerated and it "commend[ed]" Riddle for his participation. Transcript at 36. While Riddle mentions that he has graduated from programs including violence prevention, victim awareness, and Prime for Life, and that he was currently involved with Reformers Unanimous, in his Defendant Version of the Present Offense in the PSI, Riddle has not presented evidence regarding the nature of these programs, his involvement, or whether he completed any of them. Under the circumstances, we cannot say that Riddle has presented a significant mitigating circumstance or that the trial court abused its discretion with respect to Riddle's proposed mitigator.

[18] Moreover, even if we believed that the court's failure to identify Riddle's participation in these programs as a mitigator was an irregularity constituting an abuse of discretion, "we have the option to remand to the trial court for clarification or new sentencing determination, to affirm the sentence if the error is harmless, or to reweigh the proper aggravating and mitigating circumstances independently at the appellate level." *McElfresh v. State*, 51 N.E.3d 103, 112 (Ind. 2016) (quoting *Cotto v. State*, 829 N.E.2d 520, 525 (Ind. 2005)). Even if Riddle's enrollment in various programs had been considered, we are persuaded that his criminal history, his status as a probationer, and the nature and the circumstances of his offense would likely have outweighed this mitigating factor. As such, we determine that any error was harmless. *See id.* (holding that "even if McElfresh's enrollment in various programs had been considered, we are persuaded that his criminal history, which demonstrated a pattern of offenses towards children, would likely have outweighed this mitigating factor").

## II.

[19] The next issue is whether Riddle's sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

Relief is available if, after due consideration of the trial court's sentencing decision, this court finds that in our independent judgment, the sentence is inappropriate in light of the nature of the offense and the character of the offender. *See Hines v. State*, 30 N.E.3d 1216, 1225 (Ind. 2015). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Id.* (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008)). "[A]ppellate review should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Cardwell*, 895 N.E.2d at 1225. "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Hines*, 30 N.E.3d at 1225 (quoting *Cardwell*, 895 N.E.2d at 1224).

[20] Riddle argues with regard to the nature of the offense that Blair "never saw a weapon, as it was purportedly underneath a piece of clothing" and that she "did not suffer any monetary loss, as Riddle was not successful in taking any property from her." Appellant's Brief at 12. Regarding his character, Riddle asserts that he took advantage of programming made available to him while serving a sentence in Pennsylvania and in Wells County while his case was pending. He also argues that he was twenty-four years old at the time of the offense, was adopted as a baby, and has a four-year-old son of his own. He argues that he received a maximum, fully-executed six-year sentence, that such

sentences should be reserved for the worst offenders, and that he is not among the worst offenders. He also notes that he accepted responsibility for his actions.

[21] The State asserts the nature of Riddle's offense was egregious, in which he threatened Blair's execution by a gunshot to her head. Regarding Riddle's character, it notes that he has a criminal history which escalated and became more dangerous from property crimes to crimes against persons. It further notes that, despite the fact Riddle purported to apologize to Blair, he complained to the court in a letter regarding the State's plea agreement offers, and he asserted that Blair had "accus[ed him] of having a gun and [he] never did," which does not "acknowledge that he put an object to her head that had physical similarities to a handgun and threatened to shoot her in the head." Appellee's Brief at 19. The State argues that he also deflects responsibility by blaming drug use.

[22] Our review of the nature of the offense reveals that Blair gave Riddle a ride from the Signature Nursing Home to the Pak-A-Sak gas station, and when they arrived at the gas station, Riddle attempted to rob Blair by pointing an object at her head that was underneath a piece of clothing which he represented was a handgun. With respect to Riddle's character, we note that he expressed remorse for his actions and pled guilty to attempted robbery as a level 5 felony after initially being charged with attempted robbery as a level 3 felony. Riddle has a lengthy criminal history. In 2009, Riddle pled guilty in Pennsylvania under four separate cause numbers to three counts of burglary felonies and a

count of theft by deception as a misdemeanor. He was released to parole in September 2010 on these convictions. On December 4, 2012, a probation violation report was filed and Riddle was continued to probation for two years. On August 20, 2014, a probation violation report was filed, Riddle admitted the allegations of continuing to use drugs, and he was ordered to serve the balance of his sentences. We also note that the Indiana Risk Assessment System found that Riddle is a high risk to reoffend.

[23]    After due consideration, we conclude that Riddle has not met his burden of establishing that his six-year sentence is inappropriate in light of the nature of the offense and his character.

## *Conclusion*

[24]    For the foregoing reasons, we affirm Riddle's sentence for attempted robbery as a level 5 felony.

[25]    Affirmed.


Robb, J., and Mathias, J., concur.